RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUL 8 - 2008

AT 8:30 ___11:30___ M
WILLIAM T. WALSH, CLERK

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-3363(WJM) |
| | ) | |
| Vs. | ) | Judge: _____ |
| | ) | |
| JESAL DESAI a/k/a JESAL A. PATWARI, | ) | |
| SHAPAT, INC., SHAPAT II, LLC | ) | |
| SHAPAT III, LLC and PATWARI, LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFIED COMPLAINT

Plaintiff, Doctor's Associates Inc. (hereinafter **"Doctors Associates"**) as and for its Verified Complaint against Defendants, Jesal Desai a/k/a Jesal Patwari (hereinafter **"Desai"**), Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC, alleges as follows:

### PARTIES

1.   Plaintiff, Doctor's Associates, is a corporation duly organized and existing under the laws of the State of Florida, having its principal place of business at 325 Bic Drive Milford, Connecticut 06460.

2.   Upon information and belief, Defendant, **Desai**, is a citizen of the State of New Jersey.

1

3.   Upon information and belief, Defendant, Shapat, Inc., is a New Jersey Corporation.

4.   Upon information and belief, Defendant, Shapat II, LLC, is a New Jersey Limited Liability Company.

5.   Upon information and belief, Defendant, Shapat III, LLC, is a New Jersey Limited Liability Company.

6.   Upon information and belief, Defendant, Patwari, LLC, is a New Jersey Limited Liability Company.

## JURISDICTION AND VENUE

7.   This is an action for trademark infringement, false advertising, unfair competition, and dilution under the Lanham Act, 15 U.S.C. §1051, et seq.; and related claims for unfair competition and dilution under New Jersey State statutory and common law.

8.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332 and 1338 and 15 U.S.C. §§1116 and 1121 and, with respect to certain claims, 28 U.S.C. §1367.

9.   This Court has personal jurisdiction over the Defendant, **Desai**, by virtue of her activities as set forth herein, and by her residing, transacting, doing, and soliciting business, in the State of Jersey and the District of New Jersey.

10.   Venue is proper in the District of New Jersey based upon 28 U.S.C. §1391(b).

## BACKGROUND

### The SUBWAY® Marks

11.   Doctor's Associates operates the **Subway**® chain of restaurants.   In 2008, the **Subway**® chain entered its 43rd year of operation.   It is the world's largest submarine sandwich chain with more than 29,000 restaurants in 86 countries.   Countless awards and accolades have been bestowed upon the **Subway**® chain over the past 40 years.   The **Subway**® name and its products have even appeared in numerous television and motion picture productions.

12.   Doctor's Associates owns numerous trademarks, service marks, slogans and logos associated with the **Subway**® chain of restaurants (the "**Subway**® Marks"), many of which are registered on the principal register of the United States Trademark Office.   A complete schedule of Doctor's Associates' registered United States trademarks and applications currently pending before the United States Trademark Office is attached hereto as **Exhibit "A"**.

13.   Doctor's Associates has the exclusive right to use and to license the **Subway**® Marks and derivations thereof, as well as the distinctive **Subway**® System, which is a proprietary system for establishing and operating restaurants featuring sandwiches and salads under the **Subway**® Marks.

14.   The **Subway**® System includes the **Subway**® Marks, goodwill associated with the **Subway**® Marks, trade dress, recipes, formulas,

3

food preparation procedures, business methods, forms, policies, trade secrets, knowledge, techniques and developments.

15. Doctor's Associates has invested substantial time and resources over the past 40 years to develop good will in the **Subway**® Marks and cause consumers in the United States to recognize the **Subway**® Marks as distinctly designating **Subway**® restaurants and associated goods and services as originating with Doctor's Associates.

16. The **Subway**® Marks are among the most famous trademarks in the United States.

**The Franchise Agreement**

17. Doctor's Associates and Defendant, **Desai**, entered into four (4) separate Franchise Agreements (the "Franchise Agreements") on June 27, 2002, November 20, 2002, May 3, 2006 and May 18, 2006, respectively for the licensing and operation of four (4) separate **Subway**® restaurant franchises each to be in separate specific locations, all within the State of New Jersey. The Franchise Agreements are, for the most part, identical. A true and accurate copy of the most recent of the Franchise Agreements, which amends the earlier Franchise Agreements, in certain respects, to conform with the more recent Agreement, is attached hereto. (See **Exhibit "B"**, ¶¶3.c. and 14)

4

18.   The **Subway**® Restaurant Franchises are identified as store #15953, located at 595 Bloomfield Avenue, Bloomfield, New Jersey, #27800 located at 49 Claremont Avenue, Montclair, New Jersey, #40217 located at 121 Bloomfield Avenue, Bloomfield, New Jersey and #29895 located at 6901 Bergenline Avenue, Guttenberg, New Jersey, respectively.

19.   Pursuant to Paragraph 3.c of the Franchise Agreements, Defendant, **Desai,** was given a limited, non-exclusive license to use the **Subway**® Marks in connection with the operation of her respective **Subway**® restaurant franchises at the specific locations during the term of the respective Franchise Agreements, which was 20 years subject to earlier termination, provided that the Franchise Agreement was fully and timely performed by Defendant, **Desai.** (See, **Exhibit "B"**, ¶7).

20.   Doctor's Associates provided Defendant, **Desai** with an Operations Manual, that contains mandatory and suggested specifications, standards and operating procedures for the **Subway**® System.   The Operations Manual is a confidential trade secret and remains the property of Doctor's Associates pursuant to Paragraph 5.b of the respective Franchise Agreements. (See, **Exhibit "B"**, ¶5.b.)

21.   According to Paragraph 2 of the respective Franchise Agreements, Defendant, **Desai,** was obligated to pay Doctor's Associates a weekly royalty equal to at least eight percent (8%) of

the gross sales from Defendant, **Desai**'s, respective **Subway**® restaurant franchises. (See, **Exhibit "B"**, ¶2)

22. Further pursuant to Paragraph 5.i of the respective Franchise Agreements, Defendant, **Desai**, was required to make a weekly payment into the Subway Franchise Advertising Fund Trust ("SFAFT") equal to four and on-half percent (4½ %) of the gross sales from Defendant's respective **Subway**® restaurant franchises. (See **Exhibit "B"**, ¶5.i.)

23. As specified in the Franchise Agreements, Doctor's Associates could, at its option, and without prejudice to any of its other rights or remedies under the Franchise Agreements, terminate the respective Franchise Agreements if Defendant, **Desai**, failed, with respect to the respective restaurant franchise, to pay any money owed to Doctor's Associates, its affiliates or SFAFT, upon ten (10) days written notice to Defendant, **Desai**, specifying the default. Upon delivery of such written notice, the Defendant, **Desai**, would have ten (10) days to remedy the default or the respective Franchise Agreement would be terminated. (See, **Exhibit "B"**, ¶8.a).

24. Paragraph 8.e. of the respective Franchise Agreements further specifies Defendant, **Desai's** obligations in the event of the termination of the respective Franchise Agreements. Specifically, upon termination, Defendant, **Desai,** agreed: to stop using the **Subway**® System, **Subway**® Marks, colors, structures, personal computer

6

based point-of-sale system software developed for **Subway**® restaurants, printed goods and forms of advertising indicative of the **Subway**® System; to change the appearance of the restaurant so it will no longer be identified as a **Subway**® restaurant; and to return the Operations Manual to Doctor's Associates. (See **Exhibit "B"**, ¶8.e.)

25. According to Paragraph 8.i of the respective Franchise Agreements, Defendant, **Desai** agreed not to use any telephone numbers, Internet addresses or domain names associated with her **Subway**® restaurant franchise after termination of the respective Franchise Agreements. Further pursuant to Paragraph 8.i, any such telephone listings, telephone numbers Internet addresses and domain names used by Defendant, **Desai** and associated with her **Subway**® restaurant franchise automatically became Doctor's Associates property upon termination of the respective Franchise Agreements. (See **Exhibit "B"**, ¶8.i.)

## The Defendant's Termination

26. Defendant, **Desai,** failed to satisfy her obligations under any and all four (4) of the Franchise Agreements. Specifically, Defendant, among other things, failed to make timely payments of monies due to Doctor's Associates and SFAFT as required under Paragraphs 2 and 5.i of the Franchise Agreement. (See **Exhibit "B"**, ¶¶2 and 5.i.)

27. By letters of November 17, 2006 (store #15953), February 26, 2007 (store #27800), November 24, 2006 (store #29895) and April 5, 2007 (store #40217), sent via Federal Express, Doctor's Associates advised Defendant, **Desai,** that she was in default of the Franchise Agreements, respectively, because she had failed to comply with Paragraphs 2 and 5.i. Doctor's Associates further advised Defendant, **Desai,** in each case, that the respective Franchise Agreement would be terminated unless Defendant, **Desai,** cured the defaults with ten days after Defendant, **Desai**'s, receipt of the respective letters. True and accurate copies of the four (4) letters are attached hereto as **Exhibit "C".**

28. The respective notices were received by Defendant, **Desai,** on November 20, 2006 (store #15953); February 27, 2007 (store #27800); November 27, 2006 (store #29895); and April 6, 2007 (store #40217), A true and accurate copy of each of the respective Federal Express tracking information for the four (4) notices showing successful delivery are attached to the copies of the notices. (See **Exhibit "C"**)

29. Defendant, **Desai,** failed to cure the respective defaults and Doctor's Associates terminated the respective Franchise Agreements on November 30, 2006 (store #15953), March 7, 2007 (store #27800), December 7, 2006 (store #29895) and April 16, 2007 (store #40217).

30.    Additionally, in the Summer of 2007, Doctors Associates conducted an extensive audit of two of Defendant's stores (#'s 27800 and 29895), with the participation of Defendant, **Desai**, which showed underreporting of gross sales by more than $40,000.00, or almost twenty-five percent (25%) in 2004 and 2005 and even lower figures were submitted by Defendant, **Desai**, to the taxing authorities of both the State and Federal Governments.    (See **Exhibit "D"**)

31.    Despite her obligation to do so upon termination, Defendant, **Desai**, has not dis-identified her respective unauthorized **Subway**® restaurant franchises as is required under Paragraph 8.e of the respective Franchise Agreements, and has continued to use the **Subway**® System, including the use and/or infringement of *at least* the following **Subway**® Marks and possibly additional **Subway**® Marks in association with the operation of her respective sandwich shops in Montclair, New Jersey, Guttenberg, New Jersey and two (2) in Bloomfield, New Jersey.    Registration Nos. 3,013,320, 1,174,608, 1,307,341, 1,524,986, 2,591,069, 2,678,351, 2,678,350, 1,737,353, 2,732,170, 2,567,334, 3,293,264, 1,853,341 and 1,875,737.    True and accurate copies of the foregoing U.S Trademark Registrations are attached hereto as **Exhibit "E"**.    True and accurate copies of photographs taken of Defendant, **Desai**'s, respective restaurants on April 7 and 8, 2008, after termination of the respective Franchise Agreements, and after numerous other notices, evidencing Defendant,

Desai's, unauthorized use of the above-listed **Subway**® Marks are attached hereto as **Exhibit "F"**.

32. Defendant, **Desai**, has failed to return her four (4) respective Operations Manuals to Doctor's Associates as required under Paragraph 8.e. (See **Exhibit "B"**)

33. Upon information and belief, Defendant, **Desai**, continues to use the respective telephone numbers and respective telephone listings that were associated with Defendant, **Desai's**, respective authorized **Subway**® restaurant franchises and which automatically became Doctor's Associates' property upon termination of the respective Franchise Agreements. (See, **Exhibit "B"**, ¶8.i).

34. Upon information and belief, Defendant, **Desai**, derives substantial revenue from interstate commerce.

35. Defendant, **Desai's**, conduct causes damage to Doctor's Associates in the State of New Jersey in the District of New Jersey where Doctor's Associates is located, and worldwide.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under the Lanham Act)

36. Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 35 above.

37. Defendant, **Desai**'s, aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 (1)(a).

38. Doctor's Associates' federal registrations on the Principal Register for the **Subway**® Marks attached hereto in Exhibit "E" are conclusive evidence of the validity of these marks, Doctor's Associates' ownership of these marks and Doctor's Associates' exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115.

39. Defendant, **Desai**'s, wrongful use of the **Subway**® Marks and misappropriation of the **Subway**® System is likely to cause confusion as to sponsorship, affiliation or authorization by Doctor's Associates, or alternatively, destroy the origin-identifying function of the **Subway**® Marks. Defendant, **Desai**'s, actions constitute passing off, and trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

40. As a result of Defendant, **Desai**'s, actions, Doctor's Associates has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to Doctor's Associates is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Doctor's Associates for its injuries and Doctor's Associates lacks an adequate remedy at law.

41.   The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

42.  Doctor's Associates is entitled to injunctive relief against Defendant, **Desai**,, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## SECOND CAUSE OF ACTION

### (False Advertising Under The Lanham Act)

43.   Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 42 above.

44.   Defendant, **Desai**'s, advertising and other materials used in interstate commerce contain at least one false or misleading description or representation of fact because they convey the impression that Defendant, **Desai**'s, respective stores are an authorized **Subway**® franchise with a valid license to use the **Subway**® System and **Subway**® Marks.

45.   Defendant, **Desai**'s, use the **Subway**® Marks in its marketing and advertising thereby creating a false impression of affiliation or relationship between Defendant, **Desai**, and Doctor's Associates.

46.   Defendant, **Desai**'s, activities constitute the use in commerce of any word, term, name, symbol or device, or any

combination thereof, or any false designation of origin, false or misleading description of fact, false or misleading representation of fact in connection with goods or services, which in commercial advertising promotes or misrepresents the nature, characteristics, qualities or geographic origin of its or another person's goods, services or commercial activities, in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47. Upon investigation and information, Defendant, **Desai**'s, has engaged and continues to engage in willful and knowledgeable practice of false advertising with malicious and reckless disregard for the truth.

48. Based upon the wrongful acts of Defendant, **Desai**, the Plaintiff, Doctor's Associates, has incurred damages in an amount or scope unknown to Doctor's Associates. Doctor's Associates has no adequate remedy at law.

49. The acts of Defendant, **Desai**, make this an exceptional case entitling Doctor's Associates to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b).

50. Doctor's Associates has no adequate remedy at law.

51. Defendant, **Desai**'s, activities have caused and will continue to cause further irreparable injury to Doctor's Associates and unless such activities are restrained by this Court, they will be continued and continue to cause enormous irreparable injury to Doctor's Associates.

52. Doctor's Associates is entitled to preliminary and permanent injunctive relief to prevent Defendant, **Desai**'s, continued false advertising and unfair competition.

### THIRD CAUSE OF ACTION

**(Common Law Trademark Infringement, Passing Off and False Designation Of Origin and Unfair Competition Under The Lanham Act)**

53. Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 52 above.

54. This claim arises under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55. The use of the **Subway**® Marks and the **Subway**® System by Defendant, **Desai**, is a false designation of origin or sponsorship as to services made available by Defendant, **Desai**, and falsely represents that Defendant, **Desai**'s, goods and services originate from Doctor's Associates or an authorized Doctor's Associates' franchise or that Defendant, **Desai**'s, goods and services have been sponsored, approved, authorized or licensed by Doctor's Associates or are in some way affiliated or connected with Doctor's Associates.

56. Defendant, **Desai**'s, conduct constitutes common law trademark infringement, passing off and is likely to confuse, mislead and deceive a substantial number of relevant consumers and members of the public as to the origin of the services or to cause

14

said persons to believe that the services have been sponsored, approved, authorized or licensed by Doctor's Associates or are in some way affiliated with Doctor's Associates in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

57.   Upon investigation and information, Defendant, **Desai**, has engaged and continues to engage in the aforesaid activities willfully and with knowledge of Doctor's Associates' rights in and to the **Subway**® Marks and the **Subway**® System.

58.   Pursuant to 15 U.S.C. §1117, Doctor's Associates is entitled to damages for Defendant, **Desai**'s, violations and an accounting of profits made by Defendant, **Desai,** through her actions and recovery of Doctor's Associates' costs of this action.

59.   The acts of Defendant, **Desai**, makes this an exceptional case entitling Doctor's Associates to an award of treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b).

60.   Defendant, **Desai**'s, activities have caused and will cause further irreparable injury to Doctor's Associates and unless such activities are restrained by this Court they will be continued and will continue to cause great and irreparable injury to Doctor's Associates.

61.   Pursuant to 15 U.S.C. §1116, Doctor's Associates is entitled to preliminary and permanent injunctive relief to prevent Defendant, **Desai**'s, continuing conduct.

62.  Based on the wrongful acts of Defendant, **Desai**, the Plaintiff, Doctor's Associates, has incurred damages in an amount or scope unknown to Doctor's Associates.  Doctor's Associates has no adequate remedy at law.

### FOURTH CAUSE OF ACTION

#### (Trademark Dilution Under the Lanham Act)

63.  Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 62 above.

64.  The **Subway**® Marks are "famous marks" worldwide within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c) as a result of Doctor's Associates' continuous and exclusive use of the **Subway**® Marks.  The **Subway**® Marks became famous marks prior to Defendant, **Desai's**, use of the **Subway**® Marks.

65.  Defendant, **Desai**, has used and continues to use marks identical and/or confusingly similar to the **Subway**® Marks on or in connection with the advertising, marketing, promotion and sale of Defendant, **Desai's**, goods and services.

66.  Defendant, **Desai's**, use of the **Subway**® Marks in commerce is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of the **Subway**® Marks.

16

67. As a direct and proximate result of Defendant, **Desai**'s, conduct, Doctor's Associates has suffered damage to its valuable **Subway**® Marks and other damages in an amount to be proved at trial.

68. Doctor's Associates does not have an adequate remedy at law, and will continue to be damaged by the use of the **Subway**® Marks unless this Court enjoins Defendant, **Desai**, from such use.

## FIFTH CAUSE OF ACTION

### (Unfair Competition and Trademark Infringement under New Jersey State Common Law)

69. Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 68 above.

70. Plaintiff as a cause of action and ground for relief, alleges that Defendant, **Desai**, is engaged in acts of passing off, trademark infringement, unfair competition and misappropriation in violation of the common law of the State of New Jersey as preserved by N.J.S.A. 56:3-13.13.

71. Defendant, **Desai**, has infringed the **Subway**® Marks and continues to do so, by manufacturing, marketing and/or selling goods and services using the **Subway**® Marks.

72. Defendant, **Desai**'s, acts constitute deception, fraud, misrepresentation, or the concealment, suppression or omission of a material fact.

73.  Upon information and belief, Defendant, **Desai**, intends that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

74.  Defendant, **Desai's**, deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendant, **Desai's**, acts are restrained by this Court, Defendant, **Desai's**, deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

75.  Defendant, **Desai's**, acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Doctor's Associates, or origin, sponsorship, or affiliation of Defendant, **Desai**, by Doctor's Associates.

76.  Defendant, **Desai's**, acts have harmed Doctor's Associates reputation and have severely damaged Plaintiff's goodwill.

77.  Defendant, **Desai**, has misappropriated the **Subway**® Marks and the **Subway**® System, and upon information and belief continues to do so, by using the **Subway**® Marks on or in connection with the advertising, marketing, promotion and sale of Defendant, **Desai's**, goods and services.

78.  Defendant, **Desai's**, trademark infringement is in violation of the common law of New Jersey.

79.  Defendant, **Desai**'s, aforesaid acts constitute passing off, infringement, tarnishment, dilution, misappropriation, and misuse of Plaintiff's trademark, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment by Defendant, **Desai**, all in violation of Plaintiff's rights under the common law of New Jersey.

80.  Defendant, **Desai**'s, aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Doctor's Associates, or origin, sponsorship, or affiliation of Defendant, **Desai**, by Doctor's Associates.

81.  Upon information and belief, Defendant, **Desai**'s, actions have been willful and deliberate.

82.  Doctor's Associates has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendant, **Desai's**, deceptive business practices and therefore Doctor's Associates is entitled to injunctive relief under New Jersey common law as preserved by N.J.S.A. 56:3-13.13.

## SIXTH CAUSE OF ACTION

**(Unfair Trade Practices Competition under New Jersey Statute 56:3-13.2 and 13.16)**

83.  Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 82 above.

84.  In the course of its business, Defendant, **Desai**, has wrongfully and deceptively engaged in consumer-oriented acts that were misleading in a material way, and that caused injury to Doctor's Associates.

85.  Defendant, **Desai**'s conduct as described herein, as set forth more fully in previous Counts of Plaintiff's Verified Complaint and repeated and realleged herein, constituted, and continue to constitute a violation of New Jersey Statutes 56:3-13.2 and 56:3-13.16.

86.  By reason of the foregoing, Doctor's Associates have been and will continue to be irreparably harmed and damaged.

87.  The acts of the Defendant, **Desai**, complained of herein have damaged Doctor's Associates and, unless restrained, will greatly impair, if not destroy, the value of Doctor's Associates' reputation and goodwill.

## SEVENTH CAUSE OF ACTION

### (Trademark Dilution under New Jersey Statute 56:3-13.20)

88.  Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 87 above.

89.  Defendant, **Desai**'s, use of the **Subway**® Marks in connection with the operation of her restaurant has caused a likelihood of injury to the business reputation of Doctor's Associates and/or dilution by blurring Doctor's Associates' distinctive marks.

90.    Defendant, **Desai**'s, actions complained of herein, and as set forth more fully in previous Counts of Plaintiffs' Verified Complaint and repeated and realleged herein, are in violation of the New Jersey Anti-dilution Statute N.J.S.A. 56:3-13.20.

91.    By reason of the foregoing, Doctor's Associates have been and will be irreparably harmed and damaged.

92.    The acts of the Defendant, **Desai**', complained of herein have damaged Doctor's Associates and, unless restrained, will impair, if not destroy, the value of Doctor's Associates' **Subway**® Marks and the goodwill associated therewith.


## EIGHTH CAUSE OF ACTION

### (Confirmation of Arbitration Award pursuant to 9 U.S.C.A. §2)

93.    Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 92 above.

94.    The Franchise Agreements provide at paragraph 10 that any unresolved dispute related to the respective Franchise Agreement must be submitted to Arbitration, with certain exceptions, including but not limited to Doctor's Associates right to "bring an action for injunctive relief in any court having jurisdiction to enforce (its) trademark or proprietary rights."    (See **Exhibit B**, ¶¶10.a. and 10.d.)

95.    Doctors Associates has complied with all contractual and jurisdictional requirements and submitted various disputes between

the parties (some alleged in previous counts of the within Plaintiff's Verified Complaint), as to all four (4) of Defendant, **Desai's, Subway**® Restaurant Franchises, to the American Dispute Resolution Center

96. As a result of the foregoing, four (4) separate Arbitration Awards were entered by the American Dispute Resolution Center on September 6, 2007, one for each of the Defendant's four (4) Subway® Franchises. Use of the Awards in evidence is preliminarily enjoined by the New Jersey Superior Court, Chancery Division, Essex County, in violation of the Federal Arbitration Act, 9 U.S.C.A. §2, et seq., pending trial in that matter brought by Defendant, **Desai** to enjoin enforcement of the four (4) Arbitration Awards.

97. The four (4) separate Arbitration Awards, for the four (4) respective **Subway**® Restaurant Franchise locations, each terminated the respective Franchise Agreement and awarded Injunctive Relief including, but not limited to, prohibiting use of the **Subway**® trade name and **Subway**® service Marks by Defendant, **Desai.**

98. The Franchise Agreements each provide at paragraph 10 that the respective Arbitration Awards may be entered as Judgment by any Court having jurisdiction. (See **Exhibit B, ¶**10.a.)

99. The Franchise Agreements each provide further for payment of attorneys fees by Defendant, **Desai**, in any action brought by

Doctor's Associates to enforce the Arbitration Award.   (See **Exhibit B**, ¶10)

100. Despite service of the respective Arbitration Awards upon Defendant, **Desai**, she has failed to abide by the terms of the Award and has continued to use the **Subway**® Trade Marks and **Subway**® Service Marks, and has also retained four (4) **Subway**® Operations Manuals, and continues to operate the **Subway**® restaurant franchise in violation of the Arbitration Award.


## NINTH CAUSE OF ACTION

### (Piercing The Corporate Veil – Alter-ego)

101. Doctor's Associates repeats and realleges each and every allegation contained in paragraphs 1 through 100 above.

102. Defendants, Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC (hereinafter referred to collectively as "**THE OPERATING COMPANIES**"), are, upon information and belief, operating companies and/or trade names owned and/or used by Defendant, **Desai,** to operate and/or administer the Defendant, **Desai's** four (4) respective **Subway**® restaurant franchises.

103. **THE OPERATING COMPANIES** maintain respective principal places of business at the four (4) respective **Subway**® restaurant franchise locations hereinabove alleged.

23

104. All payments made by Defendant, **Desai**, to Doctors Associates have been drawn on the bank accounts of **THE OPERATING COMPANIES.**

105. **THE OPERATING COMPANIES,** although not signatories to the Franchise Agreements, are as a result of the foregoing, the de facto operators of Defendant, **Desai's** four (4) respective **Subway®** restaurant franchises and/or the alter egos of Defendant, **Desai.**

106. By reason of the foregoing, **THE OPERATING COMPANIES** are liable jointly for the aforementioned claims alleged, and for the relief requested, by Doctor's Associates against Defendant, **Desai,** pursuant to the Franchise Agreements.

## DEMAND FOR JURY TRIAL

89. Doctor's Associates hereby demands a trial by jury on all issues raised herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff, Doctor's Associates, prays for judgment against the Defendants, **Desai** and **THE OPERATING COMPANIES**, granting the Plaintiff:

(A) An order pursuant to 15 U.S.C. § 1116, enjoining Defendants, their agents, servants and employees and all

24

parties in privity with them, from the following acts: using or infringing upon Plaintiff, Doctor's Associate's **Subway**® Marks, including, but not limited to, at Defendant, **Desai**'s four (4) restaurants located at: 595 Bloomfield, Bloomfield, New Jersey, 49 Claremont Avenue, Montclair, New Jersey, 6901 Bergenline Avenue, Guttenberg, New Jersey and 121 Bloomfield Avenue, Bloomfield, New Jersey; passing off themselves as operating an authorized **Subway**® restaurant; unfair competition; false advertising; false designation of origin; unfair trade practices and diluting the **Subway**® Marks under the Lanham Act and New Jersey State law.

(B)  Damages for Defendant's, **Desai** and **THE OPERATING COMPANIES'**, violation of 15 U.S.C. §§ 1114 and 1125 and treble damages for willful violation of same; and damages and punitive damages in connection with the state law claims;

(C)  Increased damages pursuant to 15 U.S.C. §1117;

(D)  Doctor's Associates' costs of this action;

(E)  Doctor's Associates' attorneys' fees, including attorneys' fees pursuant to 15 U.S.C. § 1117 and/or New Jersey State law; and

(F)    Such other and further relief against Defendants in favor

of Doctor's Associates as this Court deems just, equitable

and proper.

LAW OFFICE OF
FORREST SCOTT TURKISH
Atoorney for Plaintiff

Dated: July 2008        By: _Forrest Turkish_
                                    Forrest S. Turkish, Esq. (9080)
                                    Attorney For Plaintiff
                                    595 Broadway
                                    Bayonne, New Jersey 07002
                                    Telephone:   (201) 339-8866
                                    Facsimile:   (201) 339-8456
                                    FSTurkish@aol.com

## VERIFICATION

Tricia Lee, Esq., being of age hereby certifies and says:

1.    I am an attorney at law of the State of Connecticut and I
am employed by Plaintiff as Director of Collections.

2.    By reason of the foregoing, I am fully familiar with the
facts alleged in Plaintiffs Verified Complaint except where
otherwise indicated.

3.    The facts alleged in Plaintiff's Complaint are true to the
best of my knowledge and belief.

4.    I am aware that if any of the foregoing statements made by
me are willfully false, I am subject to punishment.

Dated: 6-30-0?

TRICIA LEE, ESQ., Director of Collections

(Forrest/DesaiLanhamAct.cpt.doc)

26