## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOCTOR'S ASSOCIATES, INC. ) | Civil Action No: 08-3363 |
| ) | |
| Plaintiff, ) | Judge: Hon. William J. Martini, USDJ |
| ) | |
| vs. ) | |
| ) | |
| JESAL DESAI a/k/a JESAL A. PATWARI, ) | |
| SHAPAT, INC., SHAPT II, LLC, SHAPAT ) | |
| III, LLC AND PATWARI, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S ARGUMENT TO DISMISS THE PLAINTIFF'S ORDER TO SHOW CAUSE

**Law Office of Susheela Verma**
One Woodbridge Center, Suite 810
Woodbridge, N.J. 07095
732-596-1140, Fax: 732-596-1150
Attorney for the Defendants

Susheela Verma, Esq,( 4472 )

## TABLE OF CONTENTS

Table of Authorities …………………………………………..……………………………ii

Summary of Relevant Facts and Background Information…………..…….……………..……1

Argument ……………………………………………………………...…..………………3

Point A

Plaintiff has Failed to Allege a Cause of Action & Has Filed an Action in the Federal
Court in Bad Faith and to Harass the Defendants…………………………………………3

Point B

The Federal Court Should Abstain From Hearing This Matter and Defer to the State
Court Decision and Pending Proceedings………………………………………………5

Point C

The Plaintiff is Not Entitled to Federal Intervention……………………………….…..…6

Point D

The Plaintiff Failed to Remove the Case Within 30 Days and is Now Barred From Filing
the Present Case………………………………………………………………….…..……8

Point E

Conclusion ……………………………………………………………………….………..…9

## TABLE OF AUTHORITIES

**CASES**

*Altantic C. L. R. Co. v. Bhd. of Locomotive Engineers,*
398 U.S. 281 (1970) ......................................................................6

*Bell Atlantic Corp. v. William Twombly,*
127 S. Ct. 1955 (2007).................................................................5

*Colorado River Water Conservation Dist. v. U.S.,*
424 U.S. 800 (1976).....................................................................5

*Ferrer Delgado v. Sylvaia De Jesus,*
440 F. Supp. 979 (Dist. Ct. P.R. 1976) .........................................7

*Garrett v. Hoffman,*
441 F. Supp. 1151 (E. Dist. Pa. 1977) ..........................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
460 U.S. 1 (1983) ........................................................................6

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,*
526 U.S. 344 (1999) ....................................................................9

*Pennzoil Co. v. Texaco, Inc.,*
481 U.S. 1 (1987) ........................................................................6

*Pullen v. Patton,*
19 F. Supp. 340 (Dist. Ct. Tex. 1937) ...........................................7

*U.S. v. Cain,*
72 F. Supp. 897 (Dist. Ct. Mich. 1947) .........................................7

*Ultracashmere House, LTD v. Meyer,*
664 F.2d 1176, 1181 (11th Cir. 1981) ...........................................7

**STATUTES**

28 U.S.C.S. §2283 (LexisNexis 2008) ...........................................6

28 U.S.C.S. §1446 (LexisNexis 2008) ...........................................9

**COURT RULES**

Federal Rules of Civil Procedure, Rule  12(b).................................4

Federal Rules of Civil Procedure, Rule 8(a)………………………………………..…….4

## SUMMARY OF RELEVANT FACTS AND BACKGROUND INFORMATION

1.  The defendants are franchisees of the plaintiff and operate four Subway sandwich shops. The defendants invested close to one million dollars in building and acquiring these franchise restaurants. In the process, the principals of the defendants personally guaranteed bank loans and thus are personally exposed to significant liabilities for the investments they made in these businesses. (See Declaration of Susheela Verma, hereinafter "Verma", Exhibit ("B"). During the year 2007, the plaintiff submitted certain disputes to arbitration and sought termination of all of the defendants' franchise agreements. The defendants objected and did not participate in the process. The plaintiff obtained arbitration awards against the defendants but did not proceed to enforce the same.    Pursuant to the arbitration awards, the plaintiff served franchise agreement termination notices to the defendants.    Through its subsidiary/affiliate Subway Real Estate Corp., the plaintiff further proceeded to dispossess the defendants from the business that they operated as plaintiff's franchisees. The plaintiff, through its wholly owned subsidiary Subway Real Estate Corp., filed law suits in Superior Court of New Jersey, Landlord-Tenant Divisions of Hudson and Essex County, seeking eviction of the defendants based upon the arbitration awards. (See certification of Susheela Verma, hereinafter "Verma").

2.    In October of 2007, the defendants filed an Order to Show Cause seeking injunctive relief in Essex County, Chancery Division. The parties were given extensive opportunity to brief the issues.  In February of 2007, Honorable Kenneth Levy issued an Order preliminarily holding the franchise agreement unconscionable. The Court enjoined the defendant Doctor's Associates, Inc. from enforcing the arbitration awards. The Court

1

further ordered the status quo to be maintained. (See Exhibits "D" and "E", Verma Declaration). The pending landlord tenant matters commenced by the plaintiff's subsidiary Subway Real Estate Corp were all transferred to the Essex County, Chancery Division for determination by this court at the same time. (See Verma Cert.)

3.      Despite the restraints imposed by Honorable Kenneth S. Levy, Doctor's Associates, Inc., through its subsidiary Subway Real Estate Corp., continued to pursue multiple litigations to evict the defendants in Landlord/Tenant courts. Despite the fact that the Landlord/Tenant division transferred all matters to the Chancery Division of Essex County, the plaintiff continues to file cases against the defendants solely for the purpose of harassment and for the purposes of increasing their financial burden. (Verma Cert).

4.      The present matter alleges infringement of plaintiff's trade and service marks and seeks an injunction against the defendants. The defendants are permitted to operate the business pursuant to an order of the Chancery Division, Essex County which essentially involves the use of the plaintiff's trade name. As of now, there is no violation as the issue of the enforceability of the arbitration awards and termination of the defendants' franchise agreement is currently pending before the Essex County, Chancery Division. The franchise agreements, and specifically the arbitration clauses contained in these franchise agreements, were preliminarily held to be unconscionable, as they did not appear to comply with the basic principals of New Jersey contract law. The issue of the application of the Federal Arbitration Act and preemption was thoroughly briefed and analyzed by the court prior to the issuance of an injunction against the plaintiff. (Exhibit "E", Verma Declaration).

## ARGUMENT

### (A.)

## PLAINTIFF HAS FAILED TO ALLEGE A CAUSE OF ACTION & HAS FILED AN ACTION IN THE FEDERAL COURT IN BAD FAITH AND TO HARASS THE DEFENDANTS

Because of the restraints imposed by Honorable Kenneth S. Levy against the plaintiff, which are designed to protect the defendants until a final determination in the Essex County Chancery Division matter has been made, the plaintiff is clearly estopped from alleging that the defendants are in violation of their franchise agreements. At this time, the plaintiff cannot assert that the defendants are violating plaintiff's trademarks. The plaintiff is very well aware of the fact that it was ordered to maintain the status quo during the pendency of the Essex County matter. If the plaintiff was not satisfied with this outcome, it could seek to appeal the County Court's decision to the appellate division. This was the one and only remedy available to the plaintiff under the existing judicial framework. The plaintiff is a sophisticated corporate entity which operates on an international level (please see the plaintiff's Verified Complaint). It knows that the defendants cannot operate these restaurants without using the name "Subway". It further knows or should have known the meaning and effect of an injunction. The plaintiff was required to respect the decision of the State Court where the case was briefed and argued and should have refrained from harassing the defendants by filing yet another frivolous complaint against the defendants.

The alleged termination of the defendants' franchise rights has not become final and is currently being litigated in the Essex County, Chancery Division. In violation of the Court Rules, the plaintiff failed to disclose the pending Essex County litigation to the

3

court and is attempting to litigate a cause of action that cannot exist at this time. The plaintiff is further attempting to relitigate identical issues by merely switching courts. It is neither permissible nor fair to afford a litigant more than one full and fair opportunity for judicial resolution of the same issues. Issue preclusion akin to res judicata insures the finality of court decisions and thereby conserves judicial resources and protects litigants from multiple lawsuits. The defendants are operating their stores and using the Subway marks under the protection of Judge Levy's emergent court order. Since the defendants are operating their franchises under the protection of a State Court Order, the plaintiff's cause of action to enforce its trademarks is not viable. The plaintiff does not have a cause of action to enforce the claims it asserts as of the date of the filing of its Order to Show Cause and until a decision in its favor has been rendered by the Essex County Court. Additionally, the plaintiff has filed an extensive Counter Claim alleging same causes of actions and seeking same relief in Essex County. (Exhibit "C" to Verma Declaration). The State Court litigation is almost 9 months old now. The plaintiff never sought removal of the pending action to the Federal Court and by submitting extensive pleadings, it has now submitted its claims and causes of actions asserted in federal court to the Essex County Court. There is simply no legal basis for the plaintiff to pursue this action in federal court. It is doing so intentionally to harass the defendants. This kind of piecemeal litigation is simply not permitted.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement showing that the plaintiff is entitled to relief. Rule 12(b) of the Federal Rules of Civil Procedure authorizes the defendant to move to dismiss a claim that fails to state a claim upon which relief may be granted. It appears beyond

4

doubt that the plaintiff can not prove any set of facts in support of its claim which would entitle it to relief. <u>Bell Atlantic Corp. v. William Twombly</u>, 127 S. Ct. 1955 (2007).

<u>(B)</u>

**<u>THE FEDERAL COURT SHOULD ABSTAIN FROM HEARING THIS MATTER
AND
DEFER TO THE STATE COURT DECISION AND PENDING PROCEEDINGS</u>**

This matter is currently pending in the State Court and numerous issues between the parties are already being litigated. The claims made in this complaint are part of the litigation currently pending. (Exhibit "C", Verma Declaration) An order preliminarily holding that the franchise agreement between the plaintiff and the defendants is unconscionable was made. It would be a miscarriage of justice to allow the plaintiff to switch and split the forums and litigate the identical issues before the federal court and the State Court at the same time. The plaintiff's claim for violation of its trademark cannot be sustained unless it proves that it has an enforceable contract and arbitration award. This very fact is being disputed and is being litigated. The issue of unconscionability is uniquely a State Court issue.

In <u>Colorado River Water Conservation Dist. v. U.S.</u>, 424 U.S. 800 (1976), the court listed factors a court should consider in deciding whether to abstain because of exceptional circumstances: whether the state court already had jurisdiction over the disputed res; whether the federal forum was inconvenient; whether the federal action encouraged piecemeal litigation; and whether the state or federal court first obtained jurisdiction. <u>Id</u>. at 818. The plaintiff filed an answer to the State Court complaint. It further filed an extensive counter claim. (Exhibit "C", Verma Cert.) It litigated the issue if the defendants were entitled to a preliminarily injunction and it lost. The plaintiff is simply shopping for a different forum to rehash arguments it already made in the State

5

Court with an intent to harass the defendants by increasing their cost of litigation. The State Court is a convenient forum to litigate the matter. The franchise agreements were signed in New Jersey and New Jersey contract law controls their validity. The franchises are located in New Jersey. If the plaintiff were allowed to proceed with its federal action it would encourage piecemeal litigation. The State Court first obtained jurisdiction of the matter. Furthermore, the United States Supreme Court in <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1 (1983) held that the state court proceeding must adequately protect the rights of the plaintiff and held a Congressional intent to permit piecemeal litigation if necessary to secure the enforcement of arbitration agreements. The federal action should therefore be dismissed pending the outcome of the state action. Bowing to judicial economy, together with the state interest in enforcing its laws, the federal court should stay its hand. The state court is an adequate forum for the plaintiff and defendant to raise their issues.

**(C).**
**THE PLAINTIFF IS NOT ENTITLED TO FEDERAL INTERVENTION**

In <u>Pennzoil Co. v. Texaco, Inc.,</u> 481 U.S. 1, 15 (1987), the court held that a Federal Court may not enjoin state proceedings in a case in which a State Court had entered a judgment. 28 U.S.C.S. §2283 (LexisNexis 2008) the anti-injunction act provides that, "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments". Any doubts as to propriety of a federal injunction against State proceedings should be resolved in favor of permitting the State Court to proceed in an orderly fashion to finally determine the controversy. <u>Altantic C. L. R. Co. v. Bhd. of Locomotive Engineers,</u> 398 U.S. 281 (1970).

6

"Proceedings in State courts should normally be allowed to continue unimpaired by intervention of lower Federal Courts, with relief from error, if any, through State Appellate Courts and ultimately United States Supreme Court." Ferrer Delgado v. Sylvaia De Jesus, 440 F. Supp. 979, 981 (Dist. Ct. P.R. 1976). The purpose of 28 U.S.C.S. is to promote comity between the courts of two sovereignties. Pullen v. Patton, 19 F. Supp. 340 (Dist. Ct. Tex. 1937), U.S. v. Cain, 72 F. Supp. 897 (Dist. Ct. Mich. 1947). The implicit purpose of 28 U.S.C.S. §2283 is to avoid conflict between different court judgments. Garrett v. Hoffman, 441 F. Supp. 1151 (E. Dist. Pa. 1977). As the Court stated in Ultracashmere House, LTD v. Meyer, 664 F.2d 1176, 1181 (11th Cir. 1981), "the policies of avoiding litigation and promoting prompt resolution of disputes are not disserved by denying such a stay where, as here, the party requesting the stay made no attempt to remove the action to federal court at the time the suit was filed, (citation omitted) but instead allowed the state court proceedings to continue for many months, turning to the federal court only after most issues had been resolved against it in the state litigation." "For a federal court to have interfered with the State proceedings at that late date would have disrupted the functioning of the State judicial machinery, rendering the resources already expended by the State and the parties a wasted asset, and surely would have created friction between the state and federal judiciaries." Id. at 1181. The plaintiff did not file a removal of action notice when the suit was filed by the defendants in the State Court; instead it participated in the process and actively used all State Courts for its benefit. It went to landlord tenant courts of Superior Court of New Jersey, argued aggressively in the Chancery Division, filed answer and counterclaim and proceeded to propound discovery request on the defendants. (see Verma Cert).

By its own actions, the plaintiff has waived its right to bring this matter in the Federal Court or remove the pending matter to the Federal Court. The case is on the State Court's trial list for October 2008. At this late date there is no reason or legal basis for the Federal Court to permit the plaintiff to use this Court. The defendants have been operating their Subway stores under the protection of an injunction issued by a State Court after extensive and thorough review of all the existing federal and state law. The plaintiff has been unhappy with the outcome and keeps shopping for different forums with an objective to increase the defendants' costs and thus harass them. The plaintiff is being disingenuous when it does not even mention that defendant is operating her stores under the protection of Judge Levy's Order and that there is a pending matter where extensive litigation on the same issues has occurred. The question whether the plaintiff's action complied with the New Jersey Franchise Practices Act or its basic principals of contract law, are the essential questions. The determination of same is subject to State law and the jurisdiction of the State Courts. The violation of plaintiff's trademarks or its franchise agreements are all questions predicated on the threshold issue of the validity of the plaintiff's franchise agreements that Judge Levy has preliminarily ruled upon in the State Court.

## (D)

## PLAINTIFF FAILED TO REMOVE THE CASE WITHIN 30 DAYS AND IS NOW BARRED FROM FILING THE PRESENT CASE

The plaintiff is asking the court to consider the same issues that have been litigated in the State Court. The plaintiff and the defendants have litigated an order to show cause, which the defendants have prevailed upon in Essex County, Chancery Division. Contrary to what the plaintiff alleged in its moving papers, Judge Levy has already determined that

8

irreparable harm will occur to the defendants if their franchise agreements are terminated without due consideration to the issue of validity and enforceability of the arbitration clause and the franchise agreements.

If the plaintiff believed that the matter should not be tried in the State Court, it should have filed a notice of removal within 30 days of the service of the complaint asking the court to remove the matter to the Federal Court. 28 U.S.C.S. §1446 (LexisNexis 2008). It did not and therefore waived its right to remove the case to the Federal Court. It can not do so now by the filing of an independent complaint which it should have done by a notice of removal. The 30 days time limit to file a notice of removal is jurisdictional. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

## (E)
## CONCLUSION

As stated above, the filing of the within Order to Show Cause and the Verified Complaint by the plaintiff in the Federal Court is a serious violation of the existing Court Rules and the applicable law. The plaintiff knowingly and intentionally proceeded to do so with an intent to harass the defendants. The plaintiff has consistently engaged in this conduct by filing numerous actions, subsequent to the issuance of an injunction, in various State Courts. This time it proceeded to so do in the Federal Court. For all the reasons stated herein the plaintiff's order to show cause should be dismissed and the plaintiff should be ordered to pay the defendants attorney's fees and cost of this knowingly frivolous litigation.

July 15, 2008

Respectfully submitted,

Susheela Verma, Esq., (4472)
Law Offices of Susheela Verma
One Woodbridge Center
Suite 810
Woodbridge, NJ 07095
(732) 596-1140 Fax: (732) 596-1150
susheela.verma@susheelaverma.com


Attorneys for the Defendants