# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

August 12, 2008

Forrest Scott Turkish
595 Broadway
Bayonne, NJ 07002

    (*Counsel for Plaintiff*)

Susheela Verma
Law Offices of Susheela Verma
One Woodbridge Center
Suite 810
Woodbridge, NJ 07095

    (*Counsel for Defendants*)

    **RE:**   **Doctor's Associates, Inc. v. Desai**
            **Civ. No. 08-3363 (WJM)**

Dear Counsel:

    Plaintiff, a restaurant franchisor, moves for a preliminary injunction enjoining Defendants, who are Plaintiff's former franchisees, from continuing to use Plaintiff's trademarks.  Plaintiff argues that it properly terminated Defendants' franchise agreements, which had allowed Defendants to use Plaintiff's marks, and that Defendants' continued use of those marks is thus unauthorized.  The Court finds that this argument is likely to succeed at trial and that the balance of harms and interests in this case favors preliminary injunctive relief.  Accordingly, Plaintiff's motion for a preliminary injunction is **GRANTED**.

I.   **FACTS AND PROCEEDINGS**

This case arises from a set of soured franchise agreements. Plaintiff is the franchisor of the Subway chain of restaurants. Defendants are franchisees of four Subway restaurants. Until recently, Defendants operated these restaurants pursuant to Plaintiff's franchise agreements.

The franchise agreements appear typical. They allowed Defendants to operate four Subway restaurants. Accordingly, the agreements allowed Defendants to use certain trademarks owned by Plaintiff. In return, the agreement obligated Defendants to pay certain fees and royalties to Plaintiff, calculated as a percentage of Defendants' sales.

The disagreement arose over Defendants' failure to properly calculate Plaintiff's fees and royalties. Plaintiff had performed an audit of Defendants' stores and had determined that Defendants were under-reporting their sales and were thus underpaying Plaintiff's fees and royalties. Plaintiff notified Defendants of its findings and gave Defendants an opportunity to cure these deficiencies. Defendants did not so cure.

In response, Plaintiff terminated Defendants' four franchise agreements. The termination of the franchise agreements terminated Defendants' rights to use Plaintiff's trademarks. Despite these terminations, however, Defendants continue to use Plaintiff's trademarks.

To prevent further infringement on its trademarks, Plaintiff filed a complaint in this Court. Plaintiff alleged that Defendants' continued use of Plaintiff's trademarks constitutes trademark infringement. Plaintiff sought, inter alia, an injunction enjoining Defendants from continuing to use Plaintiff's trademarks.

Plaintiff now moves for a preliminary injunction enjoining such use. For the reasons below, the Court grants Plaintiff's motion.

II.   **DISCUSSION**

When evaluating the propriety of preliminary injunctive relief, courts must consider four factors: (1) the plaintiff's likelihood of ultimate success on the merits, (2) the extent of any irreparable harm to the plaintiff absent preliminary injunctive relief, (3) the extent of any irreparable harm to the defendant resulting from preliminary injunctive relief, and (4) the public interest in the matter. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992). "All four factors should favor preliminary relief before the injunction will issue." Id.

### A.    Plaintiff's Likelihood of Ultimate Success on the Merits

Plaintiff has an extremely strong likelihood of ultimate success on the merits. Plaintiff's trademark infringement claims will succeed if Plaintiff can show that Defendants are using Plaintiff's trademarks without Plaintiff's authorization. See id. at 375. Here, Plaintiff terminated any possible source of Defendants' authorization to use Plaintiff's marks when Plaintiff terminated the last of Defendants' franchise agreements. Defendants make no real argument or present any evidence that Plaintiff did not have proper grounds to terminate these agreements or that Plaintiff failed to follow the proper procedures for termination.[1] Accordingly, the Court finds that Plaintiff's trademark claims are likely to succeed.

Defendants make much ado in their briefs and submissions about events following Plaintiff's termination of the agreements. For example, Defendants discuss subsequent arbitration over damages, failed settlement arrangements, and Plaintiff's refusal to now accept the delinquent royalties and fees. But these post-termination events are irrelevant. As discussed above, Defendants' rights to use Plaintiff's trademarks were extinguished when Plaintiff terminated the franchise agreements.

For these reasons, the Court concludes that the first factor favors granting the preliminary injunction.

### B.    The Extent of Any Irreparable Harm to Plaintiff Absent Preliminary Relief

Absent preliminary relief, Plaintiff is likely to suffer irreparable harm. The Third Circuit has found irreparable injury to a trademark holder that loses control of the trademark's use. See id. at 378 ("Because we have concluded that [Plaintiff] is likely to prove at trial that [Defendant] is infringing its trademark, we find that [Plaintiff] has *a fortiori* alleged irreparable injury."). Given that Plaintiff terminated Defendants' franchise contracts, Plaintiff cannot control how Defendants use Plaintiff's marks. Accordingly, Plaintiff will suffer irreparable injury absent a preliminary injunction. This

---

[1] In their briefs, Defendants appear to suggest that Plaintiff breached the franchise agreements before termination and that this somehow precluded a valid termination. The Court disagrees. As a factual matter, Defendants present no real argument or evidence to support a finding that Plaintiff breached the agreements before terminating them. Also, such a breach does not necessarily prevent a valid termination, assuming that Defendants were also in breach. See id. at 376–78.

factor favors preliminary relief.

### C. The Extent of Any Irreparable Harm Preliminary Relief Would Cause Defendants

While an injunction may cause Defendants irreparable harm, it is not of the type the Court will consider. When evaluating whether preliminary relief would irreparably harm a defendant, courts generally do not consider harm of the defendant's own doing. See id. at 379. Here, while enjoining Defendants from operating the Subway franchises may harm them, they have brought about this result: by failing to perform under the contracts, they effectively terminated the franchise agreements themselves. See id. Furthermore, Defendants' self-inflicted harm is far outweighed by the immeasurable harm to Plaintiff resulting from Defendants' continued trademark infringement. See id. ("[Defendant] is certainly harmed by the threat of loss of his franchise, but his self-inflicted harm is far outweighed by the immeasurable damage done [Plaintiff] by the infringement of its trademark."). Accordingly, this factor favors preliminary relief.

### D. The Public Interest

Finally, there is a public interest in this injunction. The public has an interest in clear and accurate representations of trademarks. Id. "Where a likelihood of confusion arises out of the concurrent use of a trademark, the infringer's use damages the public interest." Id. Accordingly, this factor favors preliminary relief.

### E. Summary

In summary, all four factors favor preliminary injunctive relief. The Court accordingly grants Plaintiff's motion.

### III. CONCLUSION

Plaintiff is entitled to preliminary injunctive relief. Accordingly, Plaintiff's motion is **GRANTED**. An Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**