UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC. | ) ) ) | Civil Action No. 08-3363  (WJM-MF) |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| JESAL DESAI a/k/a JESAL A. PATWARI, SHAPAT, INC., SHAPAT II, LLC, SHAPAT III, LLC and PATWARI, LLC | ) ) ) ) | ANSWER, AFFIRMATIVE DEFENSES COUNTERCLAIM,THIRD PARTY CLAIM AND DEMAND FOR JURY TRIAL |
| Defendants. | ) ) ) | |
| JESAL DESAI a/k/a JESAL A. PATWARI, SHAPAT, INC., SHAPAT II, LLC, SHAPAT III, LLC and PATWARI, LLC | ) ) ) ) | |
| Third Party Plaintiffs | ) ) ) | |
| vs. | ) ) ) | |
| SUBWAY REAL ESTATE CORP., YOGESH DAVE, SUBWAY DEVELOPMENT CO. | ) ) ) ) | |
| Third Party Defendants | ) ) ) ) ) | |

Defendants, Jesal Desai a/k/a Jesal A. Patwari, Shapat, Inc., Shapat II, LLC.,

SHAPAT III, LLC., and PATWARI, LLC., (hereinafter referred to as "Desai" by way of

answer to the plaintiff, Doctor's Associates, Inc.'s (hereinafter called Doctor's),

Complaint says as follows:

1

PARTIES

1. The allegation contained in paragraph 1 of the Complaint does not pertain to the Defendants and therefore the defendants neither deny nor admit this allegation and leave the plaintiff to its proofs.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

JURISDICTION AND VENUE

7. This allegation requires no answer by the defendants.

8. The defendants neither deny nor admit the claims made in paragraph 8 of the complaint and leave the plaintiff to its proofs.

9. The defendants neither deny nor admit the claims made in paragraph 9 of the complaint and leave the plaintiff to its proofs.

10. The defendants neither deny nor admit the claims made in paragraph 9 of the complaint and leave the plaintiff to its proofs.

BACKGROUND

11. The claims asserted in paragraph 11 of the Complaint do not pertain to the defendants and therefore the defendants neither admit nor deny these assertions. The Plaintiff is left to its proofs.

2

12. The claims asserted in paragraph 12 of the Complaint do not pertain to the defendants and therefore the defendants neither admit nor deny these assertions. The Plaintiff is left to its proofs.

13. The claims asserted in paragraph 13 of the Complaint do not pertain to the defendants and therefore the defendants neither admit nor deny these assertions. The Plaintiff is left to its proofs.

14. The claims asserted in paragraph 14 of the Complaint do not pertain to the defendants and therefore the defendants neither admit nor deny these assertions. The Plaintiff is left to its proofs.

15. The claims asserted in paragraph 15 of the Complaint do not pertain to the defendants and therefore the defendants neither admit nor deny these assertions. The Plaintiff is left to its proofs.

16. The claims asserted in paragraph 16 of the Complaint do not pertain to the defendants and therefore the defendants neither admit nor deny these assertions. The Plaintiff is left to its proofs.

THE FRANCHISE AGREEMENT

17. Admitted only to the extent that the defendants signed four franchise agreements with the Plaintiff. The balance of the allegations contained in paragraph 17 are neither denied nor admitted, as the dates for signing of the franchise agreements contained in the complaint are incorrect.

18. Admitted except that the address for some of the stores is incorrect.

19. Admitted only to the extent that the defendant was permitted to use the Subway Marks. The balance of the allegations are neither denied nor admitted and the plaintiff is left to his proofs.

20. Admitted only to the extent that the plaintiff gave the Defendants an operations manual. The balance of the allegations are neither denied nor admitted and the Plaintiff is left to its proofs.

21. Admitted.

22. Admitted.

23. The defendants neither admit nor deny the allegations contained in paragraph 23 as it seeks interpretation of a legal document. The document speaks for itself and therefore the defendants neither deny nor admit these allegations and the plaintiff is left to its proofs.

24. The defendants neither admit nor deny the allegations contained in paragraph 24 as it seeks interpretation of a legal document. The document speaks for itself and therefore the defendants neither deny nor admit these allegations and the plaintiff is left to its proofs.

25. The defendants neither admit nor deny the allegations contained in paragraph 25 as it seeks interpretation of a legal document. The document speaks for itself and therefore the defendants neither deny nor admit these allegations and the plaintiff is left to its proofs.

THE DEFENDANTS' TERMINATION

26. Denied.

27. Admitted only to the extent that the plaintiff sent termination notices to the defendants with the qualification that the dates cited by the plaintiff in this allegation are not accurate. The balance of the allegations are neither denied nor admitted and the plaintiff is left to its proofs.

28. The defendants admit the allegation contained in paragraph 28 only to the extent that the plaintiff sent numerous notices to the defendants. The balance of the allegations are neither denied nor admitted and the plaintiff is left to its proofs. Denied.

29. Denied.

30. The defendants admit this allegation only to the extent that the plaintiff conducted audits of the defendants' store. The balance of the allegations are neither denied nor admitted and the plaintiff is left to its proofs.

31. Denied.

32. The defendants admit that they have not returned the Operations Manual with the explanation that they are permitted to keep the same pursuant to a court order mandating status quo.

33. The defendants admit that they have not returned the Operations Manual with the explanation that they are permitted to keep the same, pursuant to a court order mandating status quo.

34. The defendants neither deny nor admit this allegation and leave plaintiff to its proofs.

35. Denied.

FIRST CAUSE OF ACTION

(Trademark Infringement Under the Lanham Act)

36. Defendants, repeat and reallege each and every answer contained in paragraphs 1 through 35 as if fully set forth herein.

37. Denied.

38. The defendants neither admit nor deny the allegations and claims contained in paragraph 38 as the same do not pertain to the defendants and are not amenable to an answer by the defendants. The plaintiff is left to its proofs.

39. Denied.

40. Denied.

41. Denied.

42. Denied

SECOND CAUSE OF ACTION

(False Advertising Under The Lanham Act)

43. Defendants repeat and reallege each and every answer contained in paragraphs 1 through 42 as if fully set forth herein.

44. Denied.

45. Admitted to the extent that the defendants use the Subway marks. The balance of the allegations are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

6

50. Denied.

51. Denied.

52. Denied.

## THIRD CAUSE OF ACTION

(Common Law Trademark Infringement, Passing Off and False Designation of Origin and Unfair Competition Under The Lanham Act)

53. Defendants repeat and reallege each and every answer contained in paragraphs 1 through 52 as if fully set forth herein.

54. The allegation contained in paragraph 54 is not amenable to an admission or denial by the defendants and therefore the defendants neither deny nor admit these allegations and leave the plaintiff to its proofs

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## FOURTH CAUSE OF ACTION

(Trademark Dilution Under the Lanham Act)

63. The defendants repeat and reallege each and every answer contained in paragraphs 1 through 62 as if fully set forth herein.

64. The allegations or claims contained in paragraph 64 are not directed towards the defendants and therefore the defendants neither admit nor deny the same. The plaintiff is left to its proofs.

65. Admitted that defendants continue to use the service and trademarks of the plaintiff pursuant to an order of the Court in Essex County mandating status quo and therefore the defendants are not violating the plaintiff's marks.

66. Denied.

67. Denied.

68. Denied.

### FIFTH CAUSE OF ACTION

(Unfair Competition and Trademark Infringement under New Jersey State Common Law)

69. Defendants repeat and reallege their answers to each and every allegation contained in paragraphs 1 through 68 above as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## SIXTH CAUSE OF ACTION

(Unfair Trade Practices Competition under New Jersey Statute 56:3-13.2 and 13.6)

83. Defendants repeat and reallege each and every answer to allegations contained in

paragraphs 1 through 82 as if fully set forth herein

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## SEVENTH CAUSE OF ACTION

(Trademark Dilution under New Jersey Statute 56:3-13.20)

88. Defendants repeat and reallege each and every answer contained in

paragraphs 1 through 87 as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## EIGHTH CAUSE OF ACTION

(Confirmation of Arbitration Award pursuant to 9 U.S.C.A. 2)

93. Defendants repeat and reallege each and every answer contained in paragraphs 1

through 92 as if fully set forth herein.

94. The defendants neither admit nor deny the claims, statements and allegations contained in this paragraph. The document referred to in this allegation speaks for itself and the plaintiff is left to its proofs.

95. The defendants admit that the plaintiff submitted disputes between the plaintiff and the defendants to the American Dispute Resolution Center. Denied that said arbitration clause and the awards are valid and enforceable. The balance of the direct or implied allegations or statements contained in this paragraph are neither denied and nor admitted and the plaintiff is left to its proofs.

96. Admitted that four arbitration awards were issued in favor of the plaintiff. The defendants deny the validity and enforceability of these awards. The defendants admit that the plaintiff was enjoined from utilizing these awards as evidence of termination of the defendants' franchise agreements. The balance of the direct, indirect or implied allegations are neither denied nor admitted and the plaintiff is left to its proofs.

97. The defendants deny the allegations that the arbitration awards legally terminated the defendants' franchise agreements. The defendants neither admit nor deny the balance of the allegations and leave the plaintiff to its proofs.

98. The defendants neither deny nor admit the allegations contained in paragraph 98 as the franchise agreements are self-explanatory and speak for themselves. The plaintiff is left to its proofs.

99. The defendants neither deny nor admit the allegations contained in paragraph 99 as the franchise agreements are self-explanatory and speak for themselves. The plaintiff is left to its proofs.

100. Denied.

## NINTH CAUSE OF ACTION

(Piercing the Corporate Veil-Alter-Ego)

101. The Defendants repeat and reallege each and every answer contained in paragraphs 1 through 100 as if fully set forth herein.

102. Admitted.

103. Admitted.

104. Neither admitted nor denied and the plaintiff is left to its proofs.

105. Neither admitted nor denied and the plaintiff is left to its proofs.

106. Neither admitted nor denied and the plaintiff is left to its proofs.

Wherefore the defendants demand judgment dismissing the complaint of the plaintiff, costs and attorney fees and such other relief as the court may deem just, equitable and proper.

## AFFIRMATIVE DEFENSES

1. FAILURE TO STATE A CAUSE OF ACTION. Due to the existence of a Court Order mandating status quo and holding the franchise agreements preliminarily unconscionable, the plaintiff fails to state a cause of action upon which relief may be granted.

2. ESTOPPEL. The plaintiff filed a counterclaim in the Superior Court of New Jersey, Essex County, against the same defendants/parties seeking same relief and therefore it is estopped from pursuing a same claim in a different court of parallel jurisdiction.

3. DOCTRINE OF LACHES.

11

4. FORUM SHOPPING. The plaintiff engaged in forum shopping and filed a lawsuit involving the same issues and the same parties in another court while the matter was already being litigated.

5. DOCTRINE OF UNCLEAN HANDS. The plaintiff has unclean hands. It is guilty of inequitable conduct, which bars its right to relief in this court.

6. DOCTRINE OF WAIVER. The plaintiff waited for too long and thus waived its rights to pursue another action in another court.

7. FRAUD AND MISREPRESENTATION.

8. NON EXISTENCE OF AN ENFORCEABLE CONTRACT.

9. VOID CONTRACT. The plaintiff's agreements are contracts of adhesion containing unconscionable provisions, which are void and unenforceable under the laws of the State of New Jersey.

10. ARBITRATION AWARDS VOID. The arbitration awards the plaintiff relies upon are void and unenforceable as the same are based upon an arbitration clause which is part of a contract of adhesion and contains unconscionable provisions which cannot be enforced under the common law principles and the laws of the State of New Jersey.

11. ENTIRE CONTROVERSY DOCTRINE. The allegations of the plaintiff in this Court are precluded by the entire controversy doctrine.

12. DOCTRINE OF COMITY. The plaintiff had a full and fair opportunity to be heard in the State Court. Its complaint is barred by the doctrine of comity and principles of law that mandate deference by a federal court to the State Court proceedings and rulings.

13. JURISDICTION. The court lacks jurisdiction, as there is no federal question involved. The main question in this is matter is whether the franchise agreements prepared by the plaintiff and signed by the defendants violate the basic principals of the contract law as they exist in the State of New Jersey.

14. THE FRANCHISE AGREEMENTS OF THE PLAINTIFF CONTAIN PROVISIONS WHICH ARE AGAINST THE PUBLIC POLICY OF THE STATE OF NEW JERSEY AND THUS UNENFORCEABLE. The claims being pursued by the plaintiff are rooted in its franchise agreements. These franchise agreements are void as a matter of public policy. Many of the provisions of the franchise agreements are part of a contract of adhesion and unconscionable. The provisions of the franchise agreement are a result and product of overreaching and economic compulsion. They are procedurally and substantively unconscionable as they are founded in unfairness in the formation of the contract and contain excessively disproportionate terms unfavorable to the defendants.

15. AUTHORIZED USE. The defendants are using the trademark of the plaintiff pursuant to a decision of Judge Kenneth S. Levy and Order of the Superior Court of New Jersey, Essex County-Chancery Division, Docket No: C-314-07, ordering the maintenance of the "status quo" between the parties.

16. PLAINTIFF IS PROHIBITED FROM USING THE ARBITRATION AWARDS AS EVIDENCE OF TERMINATION OF THE DEFENDANTS' FRANCHISE AGREEMENTS AND THEREFORE THE PLAINTIFF IS IN CONTEMPT OF COURT BY RELYING UPON THE ARBITRATION AWARDS, OR ANY NOTICE OF TERMINATION PRIOR TO THE

ISSUANCE OF THE ARBITRATION AWARDS, AS A BASIS FOR ITS COMPLAINT. The plaintiff is prohibited from using the arbitration award as evidence of termination of the franchise agreement pursuant to a decision of Judge Kenneth S. Levy and Order of the Superior Court of New Jersey, Essex County-Chancery Division, Docket No: C-314-07. The plaintiff's claim of termination of the franchise agreements which forms the basis of this lawsuit is thus in violation of a Court Order and is a contempt of the court.

17. THE FILING OF THIS LAWSUIT IN THE FEDERAL COURT, IN VIOLATION OF AN EXISTING, VALID AND ENFORCEABLE COURT ORDER, IS CONTEMPT OF COURT.

18. BREACH OF THE FRANCHISE AGREEMENTS BY THE PLAINTIFF. The defendants did not breach the franchise agreements. It has been the plaintiff who has breached the same.

19. VIOLATION OF NEW JERSEY FRANCHISE PRACTICES ACT. The plaintiff has violated the provisions of the New Jersey Franchises Practices Act and attempted to terminate the franchises of the defendants without "good cause" and for other reasons all in violation of the act.

20. The plaintiff is prohibited from confirming its arbitration awards because of the Order of Judge Levy ordering that the arbitration award may not be used in any other proceeding.

21. THE PLIANTIFF IS NOT ENTITLED TO CONFIRMATION OF AWARDS. The plaintiff is prohibited from confirming the arbitration awards until the issue

of improper termination and the validity of the contract and the arbitration awards have been determined by a jury in its favor.

22. The defendants have not willfully violated 15 U.S.C. 114 or 1125 and the plaintiff is not entitled to treble damages, costs or attorney fees for a violation of any federal or any state laws.

23. The causes of action of the plaintiff are barred by the statute of limitations.

24. Pursuant to the rules of comity, the federal court should abstain from exercising jurisdiction in this matter.

25. Pursuant to the Rooker-Feldman Doctrine, the federal court lacks subject matter jurisdiction of this action and the federal court action should be dismissed.

26. The federal court, pursuant to the doctrine of abstention, should dismiss or stay this matter pending the trial of the state court matter.

27. The federal court, pursuant to the doctrine of comity, should defer to the State Court decision and should abstain from exercising jurisdiction.

28. The federal court action should be dismissed because of the doctrine of preclusion.

29. The plaintiff is precluded from obtaining the relief sought as the result of the plaintiff's own actions.

30. The plaintiff is precluded from obtaining the relief sought by virtue of its fraud.

31. The court lacks personal or subject matter jurisdiction of this action and it should be dismissed.

32. The franchise agreements between plaintiff and defendants limit damages, control access to the courts, venue and other aspects of the relations between plaintiff and

defendants and the cause of actions of the plaintiff are not in keeping with the limitations of the franchise agreement and therefore the plaintiff's cause of actions should be dismissed.

33. Violation of the Federal Arbitration Act.

## JURY DEMAND

The defendants hereby demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Defendants hereby designate Susheela Verma, Esq. as their trial counsel.

## DISCLOSURE OF PENDING MATTERS

At present, in addition to the pending matters in Superior Court of New Jersey, Essex County, Chancery Division, bearing Docket No. C-314-07, which the plaintiff removed to this Court on or about August 4, 2008, and where the Defendants have a right to file a Motion for Remand, the defendants have filed a petition for bankruptcy in the U.S. Bankruptcy Court, Newark. Additionally, three of the court's orders are currently pending on appeal with the U.S. Court of Appeal for the Third Circuit. I certify that, to the best of my knowledge, there is no other matter pending in any other court of the State of New Jersey that involves the same parties and the same controversy.


Dated:  August 29, 2008                         /S/ SUSHEELA VERMA
                                                Susheela Verma, Esq. (sv-4472
                                                Law Offices of Susheela Verma
                                                Attorney for the Defendants
                                                One Woodbridge Center
                                                Suite 810
                                                Woodbridge, NJ 07095
                                                732-596-1140 Fax: 732-596-1150

Susheela.verma@susheelaverma.com

## COUNTERCLAIM & THIRD PARTY COMPLAINT

### STATEMENT OF COMMON FACTS

The defendants by way of counterclaim against the plaintiff say:

1. The Plaintiff Doctor's Associates, Inc. (hereinafter, "Doctor's Associates" or "Subway"), is a corporation having a franchise system commonly known as "Subway".

2. Subway Real Estate Corp. (Real Estate Corp") is a corporation, upon information and belief, owned and controlled by Doctor's Associates. This entity handles the leasing and subleasing of the business premises where the plaintiff's franchisees are permitted to open a "Subway" sandwich restaurant.

3. Defendants/Counterclaimants ("Defendants"), Jesal Desai, Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC, reside or are incorporated in and do business in the State of New Jersey.

4. Plaintiff is the trademark holder and owner of the Subway mark and franchise restaurant system.

5. The defendant, Desai, is the licensed franchise holder of four (4) franchise agreements with the plaintiff.

6. The defendants operate four Subway stores. They are identified as store #27800 at 49 Claremont Avenue, Montclair, New Jersey, store #15953 at 595 Bloomfield Avenue, Bloomfield, New Jersey, store #40217 at 121 Bloomfield Avenue, Bloomfield, New Jersey and store #29895 at 6901 Bergenline Avenue, Guttenberg, New Jersey 07093, respectively.

7. The initial investment made by the defendants in all the above referenced stores exceeds $740,000. After commencement of the business and to continue these operations, the plaintiff obtained additional loans in the amounts exceeding $180,000. In addition to other loans, the defendants were compelled to take a home equity loan to finance all these ventures. Additionally, defendants and her spouse have spent all of their time running these businesses. The defendants have borrowed money to continue these operations and are in debt. Defendants have incurred significant additional liabilities due to plaintiff's actions.

8. The plaintiff approved the defendant, Desai, as a franchisee for four Subway restaurant businesses.

9. The plaintiff failed to deal with the defendants in good faith.

10. The plaintiff and its agents engaged in deceptive practices against the defendants in connection with their business dealings with the plaintiff

11. The plaintiff opened other stores in close proximity to the defendants' operations, which impacted sales of the defendants' stores.

12. The plaintiff failed to disclose its plans to open new stores in the vicinity of the stores that the defendant contracted for prior to signing of the franchise agreements.

13. The plaintiff has failed to assist the defendants in terms of analyzing the locations of her stores to ensure profitability.

14. It further failed to ensure the availability of business premises to the plaintiff at the comparable market prices.

15. The plaintiff utilizes an entity known as Subway Real Estate Corp. (Real Estate Corp.") to give it control of the business premises that a franchisee uses to operate the business. Upon information and belief, this entity is wholly or substantially owned by the plaintiff and follows the directions of the plaintiff.

16. Real Estate Corp. is not a party to the franchise agreements.

17. Real Estate Corp., however, is given rights under the franchise agreements.

18. The arbitration clause of the franchise agreements does not permit the defendants to go to the courts of the State of New Jersey. It, however, permits the Real Estate Corp. to go to the court.

19. The arbitration clause of the franchise agreements requires the defendants to go to Connecticut for arbitration even to stay a court action commenced by the Real Estate Corp. against the defendants.

20. The arbitration clause of the franchise agreements permits the plaintiff to go seek relief in a court of law. The arbitration clause does not permit the defendants to seek relief in a court of law.

21. The defendants subleased all of the business premises for the Subway franchise stores from the Real Estate Corp.

22. The defendants deal with all the issues concerning the maintenance and the upkeep of the business premises primarily and directly with the landlord.

23. The defendants always paid the rent for the business premises for the four franchised stores directly to the master landlords of the business premises where the defendants were permitted to open Subway stores.

24. The Plaintiff appoints independent contractors for a business territory to manage and grow its franchise stores. For the area where the defendants' businesses are located, the designated person is Yogesh Dave ("Dave").

25. Yogesh Dave is an agent of the plaintiff.

26. Dave's exact legal relationship with the plaintiff and the Real Estate Corp. is unknown to the defendants at this time. Upon information and belief, he has been given extensive authorities by the plaintiff and Real Estate Corp. to monitor, supervise and control the establishment of a Subway stores.

27. Dave has been given extensive authority to conduct inspections and audits of a franchise store.

28. Upon information and belief, Dave owns a separate entity known as Subway Development Company ("SDC"). This entity maintains business premises at 811 Totowa Road, Totowa, NJ 07512.

29. SDC maintains a full fledged office and maintains numerous employees who are utilized by Subway to conduct inspections and audits of a franchisee's store.

30. Dave is given a title of Development Agent ("D.A.") by Subway and is the designated D.A. for all of the defendants' Subway stores.

31. Upon information and belief, Dave's compensation package involves a share of the initial franchise fee that is to be paid by a new franchisee. He also gets part of the fee from the franchisee upon sale of an existing Subway store.

32. Upon information and belief, Dave is also entitled to a portion of the royalty fees and advertising fees that a franchisee pays to the plaintiff.

33. Dave is permitted to open his own Subway restaurants in direct competition with a franchisee in his territory.

34. Upon information and belief, Dave has owned numerous Subway stores in the past.

35. Upon information and belief, directly or indirectly, Dave still owns Subway restaurants.

36. Upon information and belief, Dave has purchased Subway stores, which closed due to business failure.

37. Upon information and belief, Dave purchased Subway stores, which closed as a result of termination of the franchise agreements which, whole or partly, were based upon the inspections conducted through his office.

38. Dave recognized that the location for one of the defendants' stores was good. He started taking actions against the defendant Desai's stores in terms of accusations that she was underreporting sales.

39. Dave is responsible for development construction for each Subway store in his territory.

40. Dave is responsible for overseeing the inspection, marketing, development, enhancement, sales reporting and compliance activities concerning a Subway store.

41. Dave demanded that Desai pay half of the assessed audit amounts without questioning the same. When Desai refused, he issued threats and commenced aggressive inspection process against her stores.

42. Dave went so far that he conducted more frequent surveys and inspections of the defendants' stores.

43. After placing defendants' stores in distress, Dave himself and his business partner Anand Shah inquired several times whether the defendant was selling her stores. When she said no, he increased the inspection frequency and started citing the stores for the smallest issues. He even cited the defendants for violation of items, which were due to the plaintiff's failure to supply the material to the defendants.

44. Dave went so far that he cited the defendants for violations due to leaks on the business premises, which were due to disrepair and lack of maintenance of the premises that are under the control of the Real Estate Corp. He cited the defendant for violation for lack of air-conditioning and other similar issues, which existed solely due to the Real Estate Corp's and Dave's failure to take corrective steps.

45. The business premises were not maintained. Numerous complaints were submitted to Dave and the plaintiff. Dave failed to take appropriate steps to correct the problems.

46. The rent for some of the business premises was very high in comparison to the comparable space in the area. Dave, plaintiff and Real Estate Corp. failed to secure premises, which were reasonably priced. They further failed to employ their best efforts to reduce the rent.

47. Dave actively failed to disclose the existence of a Subway store opening plans in the close proximity of one of the defendant's stores prior to signing of the franchise agreement. This action of Dave compelled the defendant to take a store, which already had competition and would have reduced revenue. But for Dave and

plaintiff's false statements, the defendant would not have signed the franchise agreement for this location.

48. The plaintiff and Dave initiated an audit of the defendants' businesses claiming underreporting. The plaintiff came up with a number, which was arbitrary. Defendant objected to the audit results. The plaintiff did not give a proper opportunity to the defendant to submit her own audited numbers and rebut the same. The defendant clearly advised the law firm that was handling the audit for the plaintiff that she disagreed with the numbers.

49. Dave demanded that Desai admits to underreporting and pay half of the additional assessed amounts.

50. The plaintiff audited the defendant's stores in an arbitrary, capricious and underhanded manner.  The plaintiff applied attorney fees and cost shifting provisions of the agreement in an arbitrary, capricious and underhanded manner. Restrictions on the sale of the defendants' franchises are unconscionable and void. The plaintiff has breached the franchise agreements causing a loss to the defendants and damages.

51. The plaintiff issued notices of termination of her franchise agreements based upon inaccurate and falsified reports and audits prepared in collusion with Dave.

52. The defendant challenged the plaintiff and Dave's practices and, therefore, they commenced the termination process and then the arbitration process to punish and suppress the defendant.

53. The plaintiff came up with a royalty number that, in light of the sales of the defendant stores, does not make sense. Plaintiff and Dave, however, refused to

audit the same and pursued arbitration based upon its one-sided determination. The plaintiff did not offer any meaningful opportunity to resolve a discrepancy and issued threats at each step.

54. The plaintiff and Dave's staff has demeaned and ridiculed the defendant Desai on numerous occasions and looked down upon her any time she asked for help or questioned their practices.

55. Dave has, on numerous occasions, called other franchisees and has badmouthed the stores owned by Defendant Desai. He has further instructed the other franchisees in his area to not to interact with her.

56. The defendant was given copies of the franchise agreements and disclosure documents and was advised that in order for her to be a franchisee, she must sign them "as is" and no change shall be made.

57. Many of the provisions of the franchise agreement are so one sided and offer no protection to the defendants.

58. Over defendant's objections, Plaintiff proceeded to arbitrate the dispute between the parties based upon an arbitration clause that is unconscionable and void.

59. Thereafter, the plaintiff proceeded to issue threats based upon an award that is based in fraud and misrepresentation.

60. The plaintiff, through its affiliate entity Real Estate Corp., filed numerous cases in the Landlord Tenant courts of the State of New Jersey and harassed the defendants by filing one case after the other.

61. Plaintiff's actions compelled the defendants to seek protection of the court. Superior Court of New Jersey, Essex County, Chancery Division, issued an

injunction against the plaintiff and Real Estate Corp. instructing that the status quo be maintained and that the plaintiff and the Real Estate Corp. refrain from using the arbitration awards as evidence of termination of the defendants' franchise agreements.

62. In violation of a court order, the plaintiff and Dave stopped supply of food and necessities to the defendants' stores and, thus, caused great damage.

63. The plaintiff and Dave further sent spies to the defendants' business premises who scared the employees and the customers, thus causing serious disruption, harassment and loss of business.

64. Defendant Dave and the plaintiff have taken steps to spread rumors about the defendant Desai and other defendants among the customers and other businesses.

65. Dave made the following comments to a customer, "run from there, that is not a safe place".

66. Defendant Desai and her husband have invested several years of their lives in these businesses and have not engaged in any other employment. It has impacted her employability significantly.

67. Due to the extreme level of harassment by the plaintiff and Dave and the resulting extreme level of stress that the defendant has endured, Desai has been emotionally damaged to such an extent that she is not able to conceive.

68. Due to plaintiff and Dave's actions and the resulting financial poverty and embarrassment, the defendant has lost her ties with her family members.

69. The plaintiff has given Dave complete immunity for harassing the defendants and has failed to control and supervise his actions and fraudulent practices.

70. After issuance of an injunction by the Superior Court of New Jersey, Essex County, Chancery Division, the plaintiff did not issue any termination notices to the defendants.

71. The defendants had encountered certain problems with the financial institutions where they maintained business bank accounts. The plaintiff and Dave were advised about the new bank accounts for the purposes of setting up a royalty withdrawal and payment system. The plaintiff set the account and confirmed the same to the defendants via written communication. The plaintiff did not withdraw the funds claiming a termination of the franchise agreement.

72. Despite defendants' verbal requests, the plaintiff failed to process the royalty and advertising fee payments. By doing so, the plaintiff violated the court order mandating status quo. It further breached the contract between the parties.

73. In violation of a court order mandating status quo, the plaintiff stopped food and other supplies to the defendants and stopped all the support a franchise is required to provide a franchisee.

## COUNTERCLAIM

## COUNT ONE

74. The defendants repeat and realleges all the allegations contained in paragraphs 1 through 73 as if fully set forth herein.

75. The franchise agreements of the plaintiff are not amenable to any negotiations and are contracts of adhesion. Several of the reasons why the franchise agreements are contracts of adhesion are:

a. The franchise agreements signed by the defendant, Desai, were standard, lengthy complex documents that were not subject to negotiations.

b. The plaintiff and defendant, Desai, did not negotiate or bargain over the terms and conditions of the franchise agreement. The paragraphs of the contract are part of a boilerplate contract written in small print. The defendant, Desai, did not have a meaningful opportunity to negotiate the terms of the franchise agreement. The defendant, Desai, had no economic power to change or control the provisions of the agreement and had to accept what the plaintiff offered.

c. The defendant, Desai, is not a lawyer. She is untrained in the law.

d. The plaintiff is a large multi-national corporation of thousands of franchise owners around the world and sets the provisions of it franchise agreements without negotiation or discussion with the franchisees.

e. The plaintiff did not discuss any of the contract terms, the franchise agreements terms and the key provisions and waivers affecting the defendants' legal rights.

f. The plaintiff's contract documents and questionnaires are all worded to reflect a lack of negotiation of the franchise agreements. The defendant, Desai, had to initial her acceptance of the terms of the franchise agreements as is without negotiation.

g. The franchise agreements were presented on a take-it-or-leave-it basis to the defendant, Desai.

h. The plaintiff included statements in its contract documents and

questionnaires that prohibit negotiation of the contract terms. The defendant, Desai, was offered a nonnegotiable franchise agreement to engage in business with the plaintiff.

    i.   The plaintiff sent the franchise agreements in the mail. Defendant, Desai, had to sign the agreements "as is" if she wanted to own and operate a Subway franchise. They were on a take-it-or-leave-it basis.

76. These franchise agreements are contracts of adhesion and unconscionable. They are manifestly unfair and oppressive and their terms are dictated by plaintiff.

77. The franchise agreements were procured by overreaching and the imposition resulting from a bargaining disparity between the parties and such patent unfairness in the franchise agreements that no reasonable person not acting under compulsion or out of necessity would accept its terms.

78. The public policy behind the New Jersey Franchise Practices Act supports the Defendants' allegations that the franchise agreements are unconscionable.

79. The terms and provisions of the franchise agreements do not demonstrate mutuality. The franchise agreements are one-sided and unreasonable. They are unconscionable both procedurally and substantively.

80. The arbitration, choice of law, lack of radius restrictions, forum selection clause, jury waiver, damages limitation, audit, fee shifting provisions, sublease, attorney fees and costs, one (1) year business restriction, restrictions on filing suit, sale and many other provisions of the franchise agreements are unconscionable.

81. As a result of the many unconscionable and void provisions of franchise agreements, the defendants are not in breach of their franchise agreements.

82. The plaintiff has breached the franchise agreements.

83. The plaintiff's arbitration awards are based upon unconscionable provisions of the franchise agreements and are void as against public policy.

84. The actions of the plaintiff in trying to enforce the unconscionable provisions of its franchise agreements has caused damage to the defendants.

85. The plaintiff's practices of utilizing inherently unconscionable contracts with its franchisees is fraudulent.

WHEREFORE, the defendants, demand judgment against the plaintiff for:

    a.  an order voiding the contract or, in the alternative, reforming the contract between plaintiff and defendants;

    b.  for general, compensatory and punitive damages;

    c.  vacating the arbitration awards and declaring the plaintiff's termination of the franchise agreements null, void and unenforceable and;

    d.  reinstating the defendants' franchise agreements.

    e.  for pre judgment and post judgment interest, attorney fees and costs of suit; and,

    f.  such other relief as the court deems equitable and just.

## COUNT TWO

86. The defendants repeat each and every allegation contained in paragraph 1 through 85 as if fully set forth herein at length.

87. The New Jersey Franchise Practices Act, N.J.S.A. 56:10-5, provides that it shall be a violation of the act for a franchisor to terminate, cancel or fail to renew a franchise without good cause.

88. The defendants substantially complied with the requirements imposed upon them by the franchise agreements.

89. The plaintiff willfully terminated the franchises of the defendants without good cause and with malice and thus violated the provisions of the New Jersey Franchise Act mandating a good cause and good faith basis for termination

WHEREFORE, the defendants demand judgment against the plaintiff as follows:

    a.  an order voiding the contract or, in the alternative, reforming the contract between plaintiff and defendants;

    b.  for general, compensatory and punitive damages;

    c.  vacating the arbitration awards and declaring the plaintiff's termination of the franchise agreements null, void and unenforceable and;

    d.  reinstating the defendants' franchise agreements.

    e.  for pre judgment and post judgment interest, attorney fees and costs of suit; and,

    f.  such other relief as the court deems equitable and just.

## COUNT THREE

90. The defendants repeat each and every allegation contained in paragraph 1 through 89 as if fully set forth herein at length.

91. The defendants substantially performed the conditions and covenants of the franchise agreements in good faith.

92. The plaintiff terminated the franchise agreements for technical and unimportant reasons and in violation of the contract laws of the State of New Jersey and further in violation of the general and common law contract principles.

WHEREFORE, the defendants demand a judgment against the plaintiff as follows:

    a.  an order voiding the contract or, in the alternative, reforming the contract between plaintiff and defendants;

    b.  for general, compensatory and punitive damages;

    c.  staying the arbitration awards and declaring the plaintiff's termination of the franchise agreements null, void and unenforceable and;

    reinstating the defendants' franchise agreements.

    d.  for pre judgment and post judgment interest, attorney fees and costs of suit; and such other relief as the court deems equitable and just

## COUNT FOUR

93. The defendants repeat each and every allegation contained in paragraph 1 through 92 as if fully set forth herein at length.

94. A covenant of good faith and fair dealing are implied in all contracts. The plaintiff, with a "bad motive or intention", breached the covenant of good faith when it conducted an audit, terminated the defendants' franchises, obtained arbitration awards, filed actions in the landlord/tenant court, filed an action in Federal Court, allowed other Subway franchises to operate within one (1) mile of the defendants' stores, forced the defendants to agree to unconscionable terms and provisions of the franchise agreement, failed to obtain market rent for the lease of the defendants' stores and took other actions all with a "bad motive or intention" to close down the defendants' businesses. As a result of the bad faith the plaintiff

did unlawfully interfere with the prospective economic advantage of the defendants, tortuously interfered with contractual relations and unlawfully interfered with contractual relations.

95. As a result of the actions of the plaintiff, the defendants have been damaged.

WHEREFORE the defendants demand judgment against the plaintiff for:

    a. an order voiding the contract or, in the alternative, reforming the contract between plaintiff and defendants;

    b. for general, compensatory and punitive damages;

    c. staying the arbitration awards and declaring the plaintiff's termination of the franchise agreements null, void and unenforceable and;

    reinstating the defendants' franchise agreements.

    d. for pre judgment and post judgment interest, attorney fees and costs of suit; and such other relief as the court deems equitable and just

## COUNT FIVE

96. The defendants repeat each and every allegation contained in paragraph 1 through 95 as if fully set forth herein at length.

97. The defendant, Jesal Desai was forced to agree to unconscionable terms and provisions of the franchise agreement under duress.

98. The franchise agreements were not entered into under defendant's, Jesal Desai own free will.

99. As a result of the plaintiff's actions the defendants have been damaged.

WHEREFORE the defendants demand judgment against the plaintiff for:

    a. an order voiding the contract or, in the alternative, reforming the contract

between plaintiff and defendants;

b.  for general, compensatory and punitive damages;

c.  staying the arbitration awards and declaring the plaintiff's termination of the franchise agreements null, void and unenforceable and;

d.  reinstating the defendants' franchise agreements.

e.  for pre judgment and post judgment interest, attorney fees and costs of suit; and such other relief as the court deems equitable and just

## COUNT SIX

100.    The defendants repeat each and every allegation contained in paragraph 1 through 99 as if fully set forth herein at length.

101.    Pursuant to the Franchise Practices Act., N.J.S.A. 56:10-1 et seq., a franchiser is  prohibited from including provisions in a franchise agreement that impose unreasonable performance standards on the franchisee or provides any other term or condition in any lease or other ancillary agreement to a franchisee that violates the Act.

102.    The plaintiff's franchise agreements impose unreasonable performance standards on the defendants as well as unlawfully restricts the sale of the franchise.

103.    As a result of these prohibited provisions contained in the franchise agreements, the defendants have been damaged.

WHEREFORE, the defendants demand judgment against the plaintiff for;

a.  reforming the contract between the plaintiff and defendants;

b.  finding the plaintiff's termination of the franchise agreements as void;

c.  finding the plaintiff's arbitration awards as void;

d.  for compensatory and punitive damages, pre judgment and post judgment interest, attorney fees and costs of suit;

e.  for such other relief as the court deems equitable and just.

### COUNT SEVEN

104.    The defendants repeat each and every allegation contained in paragraphs 1 through 103 as if fully set forth herein at length.

105.    The plaintiff's representative Dave is an experienced Subway representative as he has been working with Subway for a long time.

106.    Dave has clear authority to act on behalf of the Plaintiff and Subway Real Estate Corp.

107.    Dave communicated with the defendants prior to signing of the franchise agreements.

108.    Dave was aware of the plaintiff's plans and practices to open new stores in close proximity of a new franchisee.

109.    Dave was aware of opening of a store in close proximity of the store that the defendant acquired.

110.    Dave was asked whether there were any plans to open new stores close by.

111.    Despite enquiry Dave did not disclose the existence of an approved store prior to signing of the franchise agreement by the defendant.

112.    The defendant came to know about the new store only after signing the agreement.

113.    Dave was aware that disclosure of this fact would have led the defendant to change her mind.

114.    Dave further made affirmative representations to the defendants and presented a glorifying picture of Subway's programs to assist the franchisees.

115.    Dave did not disclose that he is permitted to purchase the stores for himself in competition to the franchisees.

116.    Dave represented that the rent for the business premises secured for the defendants' franchise business was the best in the area. It turned out to be untrue as some locations have more than 40% higher rent than the competition.

117.    Dave represented that the Subway would take care of the issues pertaining to the maintenance and upkeep of the business premises as they pertain to a landlord. This was not true as the plaintiff or its agents failed to take care of the same.

118.    Dave represented that Subway will assist the defendants during the business process. The defendants had problems with the landlord. Despite countless pleas for help, Subway did not provide the assistance that was promised.

119.    The defendants would not have entered into the franchise agreement but for the statements made or but for the information not disclosed to the defendants by Dave.

120.    Due to the knowing and false representations made by Dave to defendants, they entered into a business relationship with the plaintiff and thus have sustained damages.

WHEREFORE, the defendants demands judgment against the plaintiff as follows:

  a. reforming the contract between the plaintiff and defendants;

  b. finding the plaintiff's termination of the franchise agreements as void;

c.  finding the plaintiff's arbitration awards as void;

d.  for compensatory and punitive damages, pre judgment and post judgment interest, attorney fees and costs of suit;

e.  for such other relief as the court deems equitable and just.

## COUNT EIGHT

121.    The defendants repeat all of the allegations contained in paragraph 1 through 120 as if fully set forth herein at length.

122.    Subway Real Estate Corp is an entity owned and controlled by plaintiff.

123.    Dave is an independent contractor solely controlled by plaintiff.

124.    Dave, Subway Real Estate Corp and Plaintiff have acted in agreement with each other to advance their illegal agenda against the defendants.

125.    These two entities and Dave have concealed their illegal business schemes from the defendants with an objective to damage the defendants.

126.    This scheme is hidden in complex legal documents and practices. It has been implemented against the defendants with an objective to damage them.

127.    Dave, upon instructions of the plaintiff and in collusion with the plaintiff has actively violated a court order and has instructed other Subway franchisees and third parties to act against the defendants with an evil intent and design to ruin her livelihood.

128.    Dave and Plaintiff, to advance their illegal scheme and to damage the defendants and their assets, have contacted third parties and have instructed them to not to maintain a business relationship with the defendants.

129.    Dave and Plaintiff have called the defendants "fraud" in front of third parties in furtherance of their scheme to drive the defendant out of business and destroy her property.

130.    As a result of the plaintiff's actions, the defendants have been damaged.

WHEREFORE, the defendants seek judgment against the plaintiff as follows:

    a.    reforming the contract between the plaintiff and defendants;

    b.    finding the plaintiff's termination of the franchise agreements as void;

    c.    finding the plaintiff's arbitration awards as void;

    d.    for compensatory and punitive damages, pre judgment and post judgment interest, attorney fees and costs of suit;

    e.    for such other relief as the court deems equitable and just.

### COUNT NINE

131.    The defendants repeat each and every allegation of paragraphs 1 through 130 as if fully set forth herein at length.

132.    Federal and State law establishes various trade practices that are standards of conduct by which the plaintiff must abide

133.    The plaintiff has engaged in unfair trade practices against the defendants and

Has violated the laws that mandate fair trade practices on part of a franchiser and a publicly held business entity.

134.    As a result of the plaintiff's unfair practices, the defendants have been damaged.

WHEREFORE, the defendants demand judgment against the plaintiff as follows:

    a.  reforming the contract between the plaintiff and defendants;

    b.  finding the plaintiff's termination of the franchise agreements as void;

    c.  finding the plaintiff's arbitration awards as void;

    d.  for compensatory and punitive damages, pre judgment and post judgment interest, attorney fees and costs of suit;

    e.  for such other relief as the court deems equitable and just.

### COUNT TEN

135.    The defendants repeat each and every allegation contained in 1 through 134 as if fully set forth herein.

136.    The plaintiff entered in four franchise agreements with the defendants and had certain obligations towards each defendants.

137.    The plaintiff failed to perform its obligations as stated in these franchise agreements and thus has breached the same.

138.    The plaintiff's breach of its obligations under the contracts has caused damage to the defendants.

WHEREFORE, the defendants demand judgment against the plaintiff as follows:

    a.  reforming the contract between the plaintiff and defendants;

    b.  finding the plaintiff's termination of the franchise agreements as void;

    c.  finding the plaintiff's arbitration awards as void;

    d.  for compensatory and punitive damages, pre judgment and post judgment interest, attorney fees and costs of suit;

    e.  for such other relief as the court deems equitable and just.

## THIRD PARTY COMPLAINT

### FIRST COUNT

139.    The Third Party Plaintiffs repeat each and every factual allegation contained in paragraphs 1 through 138 above as if fully set forth herein.

140.    The Third Party Plaintiffs, Jesal Desai a/k/a JESAL A. PATWARI, SHAPAT, INC., SHAPAT II, LLC SHAPAT III, LLC and PATWARI, LLC., are third party plaintiffs against the third party defendants Subway Real Estate Corp., Yogesh Dave and Subway Development Co.

141.    The defendant, Subway Real Estate Corporation, is an affiliate of plaintiff, Doctor's Associates, Inc. and is in the business of sub-leasing commercial properties to franchisees for use as a Subway Restaurant.

142.    The third party plaintiffs singed four franchise agreements with plaintiff, Doctor's Associates, Inc. and four sub-leases for space to operate Subway Restaurants.

143.    Pursuant to Paragraph 6 of the four (4) subleases, the defendant Real Estate Corp gave notice to the third party plaintiffs that their subleases would terminate within (10) days for defaults under each of the franchise agreements, in violation of the four (4) subleases.

144.    The defendant Real Estate Corp commenced four (4) landlord/tenant actions against the third-party plaintiffs to remove them from their stores because their franchise agreements were terminated.

145.    One landlord/tenant complaint was dismissed and three (3) landlord/tenant complaints were transferred and consolidated with ESX-C-314-07, in the Superior Court of New Jersey, Essex County, Chancery Division.

146.    The subleases are contracts of adhesion.  They are unconscionable. The clause to remove the third-party plaintiffs from their properties for a violation of the franchise agreement is only one example of a provision in the sublease, which is unconscionable.

147.    The third-party plaintiffs have been damaged as a result of said contracts of adhesion and unconscionable provisions of the four (4) subleases.

WHEREFORE, the third party plaintiffs demand against the defendants:

      a.    reformation of the four (4) subleases;

      b.    for punitive damages;

      c.    for compensatory damages, pre judgment and post judgment interest, attorney's fees, costs of suit; and,

      d.    for such other relief as the court deems equitable and just.

## SECOND COUNT

148. The third-party plaintiffs repeat and reallege all of the allegations contained in paragraph 1 through 147 as if fully set forth herein. First Count of the third-party complaint as if repeated at length herein.

149. The subleases are ancillary agreements, all in violation of the New Jersey Franchise Practices Act, N.J.S.A. 56:10-1.

150. The third party defendants, in collusion with the plaintiff and Dave, advanced a scheme and agenda against the Third Party Plaintiffs that is in violation of the New Jersey Franchise practices Act and thus caused damage to the Third Party Plaintiff. WHEREFORE, the third-party plaintiffs demand judgment against the Third Party Defendants for:

      a.  reformation of the four (4) subleases;

      b.  for damages, pre judgment and post judgment interest, costs of suit, attorney fees; and,

      c.  for such other relief as the court deems equitable and just.

## THIRD COUNT

151. The third-party plaintiffs repeat the allegations contained in paragraphs 1 through 150 as if fully set forth herein at length.

152. A covenant of good faith and fair dealing is required to be underlying all contracts. The Third Party Defendants with a "bad motive or intention" breached the covenant of good faith when they drafted these documents and attempted to terminate the third-party plaintiffs' subleases and instituted suit against them in the landlord/tenant courts based upon unconscionable business and contractual scheme of the plaintiff.

153. These Third party Defendants further breached the covenant of good faith when they failed to secure a market rent for the third-party plaintiffs and failed to respond to the complaints of the third-party plaintiffs to maintain the property and control rodents and other vermin.

154. As a result of the actions of the Third Party Defendants, the Third Party Plaintiff was damaged, lost revenue and was otherwise injured.

WHEREFORE, the third-party plaintiffs demand judgment against the Third Party Defendants for:

a. general, compensatory and punitive damages, pre and post judgment interest, attorney fees, and costs of suit; and such other relief as the court deems equitable and just.

## FOURTH COUNT

155. The third-party plaintiffs repeat the allegations contained in paragraphs 1 through 154 as if fully set forth herein.

156. The Third Party Defendant Subway Real Estate Corp was a sham landlord. It failed to undertake to protect the defendants' interest or to act as a landlord by obtaining market rent for Subway space or by fixing the maintenance problems.

157. Dave failed to take care of the problems the Third Party Plaintiffs were facing and thus breached his responsibility towards the Third Party Plaintiffs.

158. The Subway Real Estate Corp. was a sham and just a rubber stamp for the plaintiff Doctor's Associates, Inc.

159. As a result the Third Party Defendants' actions, the Third Party Plaintiffs lost revenue, expended money, had to close her store on occasions and suffered other damages.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## FIFTH COUNT

160. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 159 as if fully set forth herein at length.

159. Yogesh Dave and Subway Development Co., Subway Real Estate Corp and Doctor's Associates, Inc. acted in bad faith and failed to comply with the provisions of their respective agreements and acted in a manner contrary to those agreements and disclosures.

160. As a result of third party defendants' actions and the actions of Doctor's Associates Inc. the third party plaintiffs suffered a loss of income and were otherwise damaged.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## SIXTH COUNT

161. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 160 as if fully set forth herein at length.

162. As a result of the actions of third party defendants the audits of the third party plaintiff's stores reporting underreporting were arbitrary, capricious and underhanded. The notices of termination sent to third party plaintiff are void. The third party defendant, Dave and Subway Development Co's inaccurate reports and audits were issued in bad faith to punish and suppress the third party plaintiff.

163. The Third Party Defendants' fraudulent and inaccurate reports led to the improper and illegal termination of the third party plaintiffs' franchise agreements.

164. As a result of the actions of said defendants, the third party plaintiffs' businesses were affected. The individual defendant lost income, her health declined, and she was otherwise damaged.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

### COUNT SEVEN

165. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 164 as if fully set forth herein at length.

166. The third party defendants' business conduct towards the third party plaintiffs has been intentional, malicious, reckless and outrageous. It caused the third party plaintiff Desai and her spouse to suffer severe emotional distress.

167. The emotional distress of the third party plaintiff has been  so severe that no Reasonable person could be expected to indure it.

168. As a result the third party plaintiff suffered injuries, her ability to work has been affected, her ability to run her business has been affected, her relationship with her husband has been affected, her ability to conceive and become a mother has been impacted. Desai has otherwise suffered severe emotional distress.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## COUNT EIGHT

169. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 168 as if fully set forth herein at length.

170. The plaintiff and Third Party Defendants knowingly made false statements about the third party plaintiffs to the third parties.

171. The defamatory statements were false.

172. The defamatory statements were communicated to third parties.

173. The defamatory statements were made intentionally with malice or recklessly in disregard of the truth of the statements.

174. As a result the third party plaintiff's business was damages, Desai's personal reputation was injured, she suffered sever emotional distress and has been otherwise damaged.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## COUNT NINE

175. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 174 as if fully set forth herein at length.

176. The third party defendants did interfere with the prospective economic advantage of the third party plaintiffs.

177.The third party plaintiff had a reasonable expectation of economic advantage or benefit from her franchise contracts. The third party defendants had knowledge of such expectancy of such economic advantage. The defendants' actions as alleged wrongfully and without justification interfered with the third party plaintiffs' expectancy of economic advantage or benefit. In the absence of the conduct of the third party defendants the third party plaintiffs would have realized their economic benefit. As a result of the actions of the third party defendants, the third party plaintiffs have suffered damages.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## COUNT TEN

178. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 177 as if fully set forth herein at length.

179. Third party defendants, Yogesh Dave and Subway Development Co., unjustifiably interfered with the franchise agreements between Doctor's Associates Inc. and third

party plaintiff.

180.As a result the business of the third party plaintiffs sustained a loss and suffered damages.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

### COUNT ELEVEN

181. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 180 as if fully set forth herein at length.

182.Federal and State law establishes various trade practices that are standards of conduct by which the third party defendants must abide

183.The third party defendants have engaged in unfair trade practices against the defendants and have violated the laws that mandate fair trade practices on part of a team of a franchiser and a publicly held business entity.

184. As a result of the third party defendants' unfair practices, the third party plaintiffs have been damaged.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## COUNT TWELVE

185. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 184 as if fully set forth herein at length.

186. The plaintiff's representative Dave is an experienced Subway representative as he has been working with Subway for a long time.

187. Dave has clear authority to act on behalf of the Plaintiff and Subway Real Estate Corp.

188. Dave communicated with the third party plaintiffs prior to signing of the franchise agreements.

189. Dave was aware of the plaintiff's plans and practices to open new stores in close proximity of a new franchisee.

190. Dave was aware of opening of a store in close proximity of the store that the third party plaintiff acquired.

191. Dave was asked whether there were any plans to open new stores close by.

192. Despite enquiry Dave did not disclose the existence of an approved store prior to signing of the franchise agreement by the third party plaintiffs.

193. The third party plaintiff came to know about the new store only after signing the agreement.

194. Dave was aware that disclosure of this fact would have led the third party plaintiffs to change her mind.

195. Dave further made affirmative representations to the third party plaintiffs and presented a glorifying picture of Subway's programs to assist the franchisees.

196. Dave did not disclose that he is permitted to purchase the stores for himself in competition to the franchisees.

197. Dave represented that the rent for the business premises secured for the third party plaintiffs' franchise business was the best in the area. It turned out to be untrue as some locations have more 40% higher rent than the competition.

198. Dave represented that the Subway would take care of the issues pertaining to the maintenance and upkeep of the business premises as they pertain to a landlord. This was not true as the plaintiff or its agents failed to take care of the same.

199. Dave represented that Subway will assist the third party plaintiffs during the business process. The third party plaintiffs had problems with the landlord. Despite countless pleas for help, Subway did not provide the assistance that was promised.

200. The defendants would not have entered into the franchise agreement but for the statements made or but for the information not disclosed to the third party plaintiffs by Dave.

201. Due to the knowing and false representations made by Dave, the third party plaintiffs entered into a business relationship with the plaintiff and thus have sustained damages.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

a. for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## COUNT FOURTEEN

202. The third party plaintiffs repeat each of the allegations contained in paragraphs 1 through 200 as if fully set forth herein at length.

203. Subway Real Estate Corp is an entity owned and controlled by plaintiff.

204. Dave is an independent contractor solely controlled by plaintiff.

205. Dave, Subway Real Estate Corp and Plaintiff have acted in agreement with each other to advance their illegal agenda against the third party plaintiffs.

206. These two entities and Dave have concealed their illegal business schemes from the third party plaintiffs with an objective to damage them.

207. This scheme is hidden in complex legal documents and practices. It has been implemented against the third party plaintiffs with an objective to damage them.

208. Dave, upon instructions of the plaintiff and in collusion with the plaintiff has actively violated a court order and has instructed other Subway franchisees and third parties to act against the third party plaintiffs with an evil intent and design to ruin her livelihood.

209. Dave and Plaintiff, to advance their illegal scheme and to damage the third party plaintiffs and their assets, have contacted third parties and have instructed them to not to maintain a business relationship with the third party plaintiffs.

210. Dave and Plaintiff have called the defendants "fraud" in front of the third parties in furtherance of their scheme to drive the third party plaintiffs out of business and destroy their property.

211. Due to the third party defendants conspiracy with the plaintiff against the third party plaintiffs, they have been damages.

WHEREFORE the third-party plaintiffs demand judgment against the third party defendants for:

    a.  for general, compensatory and punitive damages; pre judgment and post judgment interest, attorney fees and costs of suit; and, for such other relief as the court deems equitable and just.

## JURY DEMAND

The defendants hereby demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Defendants hereby designate Susheela Verma, Esq. as their trial counsel.

## DISCLOSURE OF PENDING MATTERS

At present, in addition to the pending matters in Superior Court of New Jersey, Essex County, Chancery Division, bearing Docket No. C-314-07, which the plaintiff removed to this Court on or about August 4, 2008, and where the Defendants have a right to file a Motion for Remand, the defendants have filed a petition for bankruptcy in the U.S. Bankruptcy Court, Newark. Additionally, three of the court's orders are currently pending on appeal with the U.S. Court of Appeal for the Third Circuit. I certify that, to the best of my knowledge, there is no other matter pending in any other court of the State of New Jersey that involves the same parties and the same controversy.

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the Defendants' Answer, Counter Claim, Jury Demand and Third Party Complaint was served upon the counsel for the plaintiff electronically via the court's transmittal system on August 29, 2008. I further certify that

the Third Party Defendants shall be served in accordance with the Court Rules and within

the time period provided for in the Court Rules.

Dated: August 29, 2008

/S/ Susheela Verma

**Susheela Verma, Esq. (sv-4472)**
**Law Offices of Susheela Verma**
One Woodbridge Center, Suite 810
Woodbridge, N.J. 07095
732-596-1140, Fax: 732-596-1150
Attorney for the Defendants and Attorney for the
Third Party Plaintiffs