# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

October 20, 2008

Susheela Verma
Law Offices of Susheela Verma
One Woodbridge Center
Suite 810
Woodbridge, NJ 07095

    (*Attorney for Plaintiff*)

Forrest Scott Turkish
595 Broadway
Bayonne, NJ 07002

    (*Attorney for Defendant*)

    **RE:** **Desai, et al. v. Doctor's Associates Inc., et al.**
           **Civ. No. 08-3363 (WJM)**

Dear Counsel:

    This case comes before the Court on three motions: (1) Jesal Desai's motion to remand her complaint for preliminary injunctive relief to the Superior Court of New Jersey, Essex County; (2) Doctor's Associates Inc.'s ("DAI") motion to have

Desai et al. held in contempt for violating this Court's preliminary injunction, issued August 12, 2008; and (3) Desai's cross motion to have DAI and Subway Real Estate Corporation ("SREC") held in contempt for violation of a state court injunction. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Desai's motion to remand is **DENIED**. DAI's motion to have Desai et al. held in contempt is **GRANTED** in part and **DENIED** in part, and Desai's cross motion to have DAI held in contempt is **DENIED.**

### I.   BACKGROUND

On or around October 12, 2007, Desai filed an action in the Superior Court of New Jersey seeking to enjoin the enforcement of four arbitration awards by DAI. Superior Court Judge Kenneth Levy granted Desai's motion for a preliminary injunction, enjoining the enforcement of the arbitration awards "to preserve the status quo" between the parties and preventing the use of the arbitration awards in any other pending proceedings. This preliminary injunction was issued on February 26, 2008. DAI removed this action to federal court on August 4, 2008.

In a separate action, DAI filed a motion for a preliminary injunction in this Court on July 8, 2008, alleging several trademark infringement claims against Desai. Specifically, DAI argued that Desai continued to use Subway trademarks after DAI terminated Desai's franchises. This Court granted the preliminary injunction on August 12, 2008.

After this Court granted the preliminary injunction enjoining Desai's use of the Subway trademarks, Desai continued to operate her four stores and display the Subway trademarks. (Deeney Cert. ¶¶ 4-7; Grebla Cert. ¶¶ 3-5). Three of the four Subway stores in question were open through September 18, 2008. (Grebla Cert. ¶ 5). The fourth closed on September 20, 2008. (Grebla Cert. ¶ 7).

### II.   DISCUSSION

Before the Court now are DAI's motion to remand, DAI's contempt motion, and Desai's cross-motion. These motions are addressed in turn.

### A.   Desai's Motion to Remand

On August 4, 2008, DAI removed the instant complaint to this Court. Desai now requests that her complaint be remanded. The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). Here, DAI has satisfied the jurisdictional requirements for removal; therefore, Desai's motion to remand is denied.

DAI filed the motion to remand on August 4, 2008 – well outside the thirty day removal window established in 28 U.S.C. § 1446(b). Here, however, DAI invoked a different ground for removal – 9 U.S.C. § 205 – alleging that this action involves an arbitration agreement arising under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). An action falling under the Convention is removable to this Court at any time "before the trial." 9 U.S.C. § 205.

DAI has satisfied the three requirements for removal under 9 U.S.C. § 205: (1) the pending action relates to an arbitration agreement falling under the Convention; (2) the removing party, DAI, is the Defendant in the instant action; and (3) removal occurred "before the trial" in state court.

First, the removed action relates to an arbitration agreement under the Convention. An arbitration agreement falls under the Convention if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *Razo v. Nordic Empress Shipping*, Civ. No. 07-5745, 2008 WL 2902184, at *2 (D.N.J. July 24, 2008). These four requirements are satisfied. Here, the arbitration provision is contained within a written franchise agreement, which provides for arbitration in the United States, which is a Convention signatory. (Desai Compl. ¶ 30). Further, the agreement arises out of a franchise arrangement, and one party to the agreement –Desai – is a citizen of India. (Desai Remand Br. at 1; Lee Cert. ¶ 3). This agreement falls under the Convention.

Second, the removing party, DAI, is the defendant in the action. This is plain from the face of the complaint. Desai argues that DAI should be viewed as the plaintiff in this action, since SREC filed landlord/tenant actions in state court

relating to the termination of Desai's franchise agreements. Desai cannot bootstrap these landlord/tenant actions to the instant complaint. While SREC may be the plaintiff in these landlord/tenant actions, this does not cause DAI to be the plaintiff in the instant action. Desai filed the instant complaint; therefore, she is the plaintiff. The removing party, DAI, is the defendant.

Finally, DAI filed the notice of removal "before the trial" in state court. Desai argues that SREC filed and litigated landlord/tenant actions against Desai in state court and that these landlord/tenant litigations constituted a trial; therefore, the instant action cannot be removed under 9 U.S.C. § 205. In seeking to define the term "trial" in the context of removal under the Convention, other courts have held that a trial "may consist of the resolution of substantive issues of law or facts by the state court or even the argument of such issues." *Pan Atl. Group, Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 640 (S.D.N.Y. 1995). It is unclear to the Court how litigation of these landlord/tenant actions constituted a resolution of the substantive issues of law raised by the instant complaint. The instant complaint filed by Desai seeks to enjoin enforcement of the arbitration agreements. There has been no resolution of the substantive issues of law or fact regarding this complaint. Desai's attempt to graft the prior landlord/tenant proceedings on to the current complaint does not change this. Thus, this complaint was properly removed to this Court under 9 U.S.C. § 205.

**B.     DAI's Motion to Hold Desai in Contempt**

DAI claims that Desai violated the preliminary injunction issued by this Court on August 12, 2008 and seeks to have Desai held in contempt. In support of its motion, DAI attached certifications by Subway employees and photographs demonstrating that Desai's four stores continued using Subway marks after this Court enjoined them from doing so. (Grebla Cert. ¶¶ 3, 5-6; Dunne Cert. ¶ 3). Desai does not dispute this. Instead, Desai asserts that she was confused by this Court's order because it contradicted the state court order to maintain the status quo. (Desai Opp. Contempt Cert. ¶¶ 75, 76). In addition, Desai states that she contacted the zoning board on August 15, 2008 "for removal of the Subway signage" and that she finally received permission from the zoning board to remove the signs on September 12, 2008. (Desai Opp. Contempt Cert. ¶ 83). During this time period, however, it is uncontested that she continued to issue Subway receipts and use Subway wrappers, napkins, and cups. The outdoor signs were removed on

September 17, 2008.  (Desai Opp. Contempt Cert. ¶ 83),  Three of the stores operated through September 18, 2008 and the final store closed on September 20, 2008.

To find a person in civil contempt for violating a court order, two elements must be established by clear and convincing evidence: 1) that the alleged contemnor had knowledge of the order and 2) that the order was specific and definite.  *Harris v. City of Philadelphia*, 47 F.3d 1342, 1350 (3d Cir. 1995).  Both elements are established here.  Desai has demonstrated knowledge of the order.  Since willfulness is not a prerequisite for contempt, *see Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994), her confusion as to whether this Court's order contradicted the state court order is no defense.  Further, this Court's injunction was specific and definite in its statement that Desai was enjoined from using or infringing the Subway trademark.  This Court's order was not so vague or indefinite that Desai is insulated from a finding of contempt due to uncertainty as to what was directed.  *Harris*, 47 F.3d at 1350.

While substantial compliance with a court order is a defense to civil contempt, the violating party must have taken "all reasonable steps" to comply with the court order.  *Robin Woods*, 28 F.3d at 399.  Desai did not do so.  Instead, Desai continued using Subway cups, wrappers, and napkins, and issued receipts with the Subway mark.  As such, Desai is not entitled to a substantial compliance defense, and DAI's motion for civil contempt should be granted.[1]

DAI requests that sanctions be imposed against Desai.  The purpose of contempt sanctions is to make reparation to the injured party and restore the parties to the position they would have been in had the injunction been obeyed.  *Id.* at 400 (quoting *Hudson Transit Lines, Inc. v. Freund*, 509 F. Supp. 1172, 1178 (E.D.N.Y.1981)).  The injured party is entitled to be "made whole for the losses it incurs as a result of the contemnors' violations, including reasonable attorneys' fees

---

[1] While DAI also requests that Desai be held in criminal contempt, such a drastic sanction is unwarranted at this time under these facts.  *See Latrobe Steel Co. v. United Steelworkers of America, AFL-CIO*, 545 F.2d 1336, 1343 (3d Cir. 1976) ("Criminal contempt ... may be maintained only with the Court's approval.").  DAI's motion to hold Desai in criminal contempt is denied.

and expenses." *Halderman v. Pennhurst State School & Hosp.*, 49 F.3d 939, 941 (3d Cir. 1995). DAI has made no showing of monetary damages resulting from Desai's continued use of the marks after the injunction, other than attorneys' fees. In addition, the parties are currently in the position they would have been, had Court's order been followed – Desai is not using the Subway marks. As such, the sanction for Desai's contempt will be limited at this time to payment of DAI's attorneys' fees, which totaled $1750.00.[2] Any further violation of this Court's injunction, however, will result in additional sanctions being levied against Desai.

### C.    Desai's Cross-Motion to Hold DAI in Contempt

Desai asks this Court to find Doctor's Associates in contempt for violation of the state court injunction ordered by Judge Levy. Since the alleged contempt involves non-compliance with a state court order, this contempt motion should be brought in state court. *See Beaudoin v. Michigan Racing Inc.*, 30 F. App'x 575, 576 (6th Cir. 2002) (dismissing for lack of subject matter jurisdiction plaintiff's attempt to enforce a state court order in federal court where the appropriate recourse for the alleged violations was in state court). As such, Desai's motion to hold DAI in contempt is denied.

### Conclusion

For the foregoing reasons, DAI's motion to hold Desai in contempt is **GRANTED**. Desai's motion to remand and motion to hold DAI in contempt are both **DENIED**. An appropriate Order accompanies this Letter Opinion.

/s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[2] Forrest Turkish, attorney for Doctor's Associates, certified that he spent 7.0 hours preparing the contempt motion and provided a time sheet describing the work done, in compliance with L.Civ.R. 54.2.