# Law Offices of Susheela Verma
One Woodbridge Center, Suite 810
Woodbridge, NJ 07095
732-596-1140   Fax: 732-596-1150

---

October 22, 2008

Honorable William J. Martini
United States District Court Judge
United States District Court, Newark
50 Walnut Street
Newark, N.J. 07101

Re:   **Doctors Associates, Inc. v. Jesal Desai Et Als**
      **Case No.: 2-08-CV-03363**
      **Motion to refer the pending matter from the District Court to Bankruptcy Court pursuant to 28 U.S.C. 157**

Dear Judge Martini:

I represent Jesal Desai, Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC. In support of my client's motion to refer the consolidated cases under docket number 2-08-CV-03363 to the bankruptcy court, please accept this letter brief in lieu of a more formal submission.

## SUMMARY OF RELEVANT FACTS

Ms. Desai is the owner of four Subway franchises sold by Doctor's Associates, Inc. She operated her Subway franchise stores under corporate names of Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC. She filed a complaint and order to show cause in the Superior Court of New Jersey, Docket No: ESX-C-314-07 on October 12, 2007, to enjoin Doctor's Associates, Inc. and the leasing arm of Doctors Associates, Inc., Subway Real Estate Corp., from enforcing the decisions of Doctor's Associates, Inc. to terminate her four franchises and to enjoin the enforcement of four arbitration awards terminating her franchises. All these corporate entities joined Ms. Desai in her action

1

against Doctor's Associates, Inc. ("DAI") and Subway Real Estate Corp. ("SREC"). (see Certification of Jesal Desai, page 2). The Court preliminarily found that her franchise agreements were contracts of adhesion and that many of the key provisions of the franchise agreements were unconscionable. Based upon New Jersey Law, the state court issued an injunction prohibiting the use of the arbitration awards and ordered the Doctor's Associates, Inc. ("DAI") and Subway Real Estate Corp. ("SREC") to maintain status quo until trial. (Certification of Jesal Desai, pages 3-5). Jesal Desai operated her four franchises under the protection of this court order for a year or more until DAI filed a complaint and Order to Show Cause in Federal District Court, Newark, New Jersey, Case Number 2-08-CV-03363, to enjoin Jesal Desai, from using Subway service and trademarks. On July 21, 2008, the court granted a preliminary injunction enjoining Jesal Desai from using Subway service and trademarks. On August 27, 2008, Jesal Desai filed a Chapter 11 petition in U.S. Bankruptcy Court, District of New Jersey, Newark, case number 08-26178 (NLW). (Exhibit "A", attached to Certification of Jesal Desai). The cases are all pending in Federal or Bankruptcy Court in the District of New Jersey, Newark.

## LEGAL ARGUMENT

### "A"

### THIS CASE SHOULD BE REFERRED TO THE BANKRUPTCY COURT PURSUANT TO 28 U.S.C. 157 AND FURTHER IN COMPLIANCE WITH THIS COURT'S STANDING ORDER

28 U.S.C. 157 (a) provides:

> "Each district court may provide that any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the

district."

On July 23, 1984, Chief Judge Clarkson S. Fisher, of the District Court of the District for New Jersey, signed a Standing Order that ordered in part that:

> "(1) Any or all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 of the United States Code, or arising in **_or relating_** to a case under Title 11 of the United States Code **_shall be referred_** to the bankruptcy judges for the district." Emphasis added.

Based upon Section 157 of the United States Code, Title 28 and the court's Standing Order, if the consolidated cases arise under or in title 11, or arise in or are related to a case under title 11, they should be referred to the bankruptcy court. The consolidated cases pending in District Court are related to the bankruptcy case pending under title 11. A bankruptcy court has jurisdiction over the property of the estate and the issues involved in the matters currently pending before the District Court involve the estate which is under the bankruptcy protection. The consolidated cases pending in the District Court are ripe with issues that involve the property of the estate, issues about the organization and implementation of a Chapter 11 plan, the assets of the estate, and the location of any non-franchise restaurants and the ability of the debtor to operate franchise or non-franchise restaurants. The matters pending before the District Court involve issues concerning the rights of the defendants/consolidated plaintiffs in the franchise agreements. The franchise agreements and the defendants/consolidated plaintiffs' rights in the franchise agreements form a core part of the assets of the estate which is sought to be reorganized under the bankruptcy laws of the United States.

## "B"

## THE PENDING DISTRICT COURT MATTER INVOLVES THE PROPERTY OF THE ESTATE AND, IF NOT REFERRED TO THE BANKRUPTCY COURT, SHALL CAUSE OBSTRUCTION OF THE REORGAINZATION PROCESS

3

## RESULTING IN INJURY TO THE ESTATE & THE DEBTOR

11 U.S.C. 1306 provides in pertinent part: (a) Property of the estate includes ... the property specified in section 541 of this title...Section 541 defines the property in a bankruptcy estate as including (with limited exceptions) "all legal or equitable interests of the debtor in property as of the commencement of the case." In Re National Cattle Congress, Inc., 179 B.R. 588 (No. Dist. Iowa 1995), the court said:

> "When a bankruptcy petition if filed, an estate is created pursuant to 11 U.S.C. 541 (a). The term "estate" is broadly defined in 541 to include all of a debtor's interest in property whether it is tangible or intangible. Property interests are interpreted in an expansive manner. See United States v. Whiting Pools, Inc., 462 U.S. 198, 205, 76 L.Ed. 2d 515, 103 S. Ct. 2309 (1983); Whetzal v. Alderson, 32 F. 3d 1302, 1303 (8th Cir. 1994)." Id. at 592.

An estate has been likewise defined in the Third Circuit to include "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located by whomever held. Sovereign Bank v. Schwab, 414 F.3d 450, 452 (3d Cir. 2005).

The defendants/consolidated plaintiffs have a legal and equitable interest in the franchise agreements which are property of and the most important asset of the bankruptcy estate. No court has determined in a final judgment that Jesal Desai's franchises are void. In fact, Judge Levy of the New Jersey Superior Court preliminarily held that Jesal Desai's franchises were not terminated or invalid and that the arbitration agreements were void and ordered the parties to maintain the "status quo". (see Certification of Jesal Desai, pages 3-6). Ms. Desai operated her franchises for over a year pursuant to Judge Levy's order. (Certification of Jesal Desai, page 5). Chapter 11 provides that Jesal Desai may file a plan to reorganize and operate her franchise businesses or reorganize and operate non-Subway restaurants. As the court noted in Re

Briggs Transportation Company v. Briggs Transportation Company, 780 F.2d 1339 (8th Cir. 1985):

> "Under Chapter 11, the purposes of business reorganization are to "relieve debtor of its pre-petition debts, to free cash flow to meet current operating expenses, and ultimately to permit the debtor 'to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its stockholders." American Mariner, 734 F. 2d at 431 (quoting H.R.Rep. No. 595 at 220, 1978 U.S. Code Cong. & Ad. News at 6179). The filing of a Chapter 11 petition operates as an automatic stay, which prevents creditors from enforcing their liens against the property of the bankruptcy estate and removing collateral that may be essential to the reorganization plan. 11 U.S.C. 362 (a). Id. at 1343.

The bankruptcy judge may find that, similar to Judge Levy's opinion, Ms. Desai's franchise agreements are valid and that Doctor's Associates, Inc. and Subway Real Estate Corp.'s attempts to terminate her franchise agreements and the arbitration awards are invalid. The debtor may propose a reorganization plan to restructure her businesses and pay Doctor's Associates, Inc. any royalties or charges past due over time. She may wish to submit a Chapter 11 plan to operate her restaurants as non-Subway restaurants. If the case is not referred to the Bankruptcy Court, the debtor shall not be able to submit an effective plan for reorganization.

As of now ***the Bankruptcy court is the only forum*** which is in a position to resolve these issues. If the matter is scattered in two courts, it simply would not permit a proper resolution of the issues related to the identification and protection of the property that the bankruptcy process aims to protect. The bankruptcy court is the best forum to deal with all these issues. Ms. Desai may submit a Chapter 11 plan to start and operate non-Subway independent restaurants at her former sites or new sites. A resolution of issues concerning the interpretation of the franchise agreements in the most expedient manner is critical to the bankruptcy process. It can be achieved ***ONLY IF*** these issues are

before the bankruptcy court so that it is in a position to have a global and complete picture pertaining to the assets, rights, liabilities and the possibilities. The restaurant equipment is part of the bankruptcy estate, subject to outstanding loans, intermixed with the debtors' (defendants/consolidated plaintiffs) franchise agreements and must be resolved as part of the bankruptcy estate so that it could serve as equipment for any new business and be part of a Chapter 11 plan. As stated in Pacor, Inc. v. Higgins, Jr., 743 F. 2d 984 (3d Cir. 1984), *"(C)ongress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.*" Id. at 994. (emphasis added). Their jurisdiction is both broad and pervasive. Id. at 994. The *bankruptcy judge has the power to hear and determine "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section* ..." 28 U.S.C.S. 157 (b) (1). (emphasis added). A core proceeding under sub-section (2) (O) includes "other proceedings affecting the liquidation of the assets of the estate.... There is no question but that the validity of the franchise agreements affects the liquidation of the estate or the establishment of new non-Subway restaurants and the submission of a chapter 11 plan and is a core proceeding. Yet a bankruptcy judge may also hear a non-core proceeding if it is related to a title 11 case. 28 U.S.C.S. 157 (c).

## "C"

### THE BANKRUPTCY COURT HAS JURISDICTION ON THE MATTERS PENDING BEFORE THIS COURT AS THEY INVOLVE CORE ISSUES

Section 28 U.S.C.S. 157 (b) provides that bankruptcy courts shall have jurisdiction of all cases and all core proceedings **"arising under"** title 11, or **"arising in"** a case under title 11 (emphasis added) or **"relating to"** a title 11 matter. Congress used the

same arising under language in 157 (a) and stated that for purposes of referral case referred to the bankruptcy court includes a case **"related to a case under title 11"**. Those cases **"shall"** (emphasis added) (157 (a)) be referred to the bankruptcy judges for the district.

Jesal Desai's cases both arise under title 11 and are related to title 11 matters. A case arises under or in 157 proceeding if those proceedings "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Resorts International, Inc. v. The Griffin Company, 128 B.R. 78, 90 (Dist. Ct. N.J. 1990). A Chapter 11 plan is only applicable to a bankruptcy action. Ms. Desai, the debtor, cannot submit a plan to operate her businesses as a Subway franchise or as a non-franchise unless the bankruptcy court is able to approve a Chapter 11 plan for reorganization that includes a disposition of the debtor's interest in her franchise agreements which are assets of her estate. The bankruptcy court may well find, as did Judge Levy, that her franchise agreements are not terminated, the arbitration awards are invalid and based upon same accept an alternate plan to operate her shops.

As the cases pending in the District Court are "related to" Chapter 11 petition, the cases must be referred to the Bankruptcy court. The issues pending in the consolidated cases in the District Court may be core or non-core cases. Pursuant to 28 U.S.C.S. 157 (b) (3), once a case is referred to a bankruptcy court judge, the bankruptcy court judge determines if the matter is a core or non-core proceeding. The Third Circuit spelled out the test to determine if a proceeding is related to a bankruptcy matter it is, "…whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. (citations omitted). Thus, the proceeding need not

necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Pacor, 743 F. 2d at 994. See also, Celotex Corp. v. Edwards, 514 U.S. 300 (1995) (Agreeing with the views expressed by the Court of Appeals for the 3d Circuit in Pacor). There is no question but that the validity of Jesal Desai's four franchise agreements, her restaurant equipment, the validity of the four arbitration awards, royalty and advertising fees, restriction limitations on her ability to open a new restaurant and many other terms of the franchise agreements impact upon her ability to make a chapter 11 reorganization plan to operate as a franchise holder or an independent restaurant owner. ***As of now things are at stand still as there is no expeditious resolution to the issues pending before the District Court and the bankruptcy court does not have those issues before it to resolve them. In the meantime, because of delays in the District Court, the debtor's estate is disappearing. If some more time lapses and no prompt judicial action is taken to deal with these issues in a proper forum, that being the bankruptcy court, the debtor shall lose all of her estate and there will be no possibility of reorganization.*** The existence of the litigation on core issues in different forums has resulted in conflicting court decisions and has created significant confusion and dilemma for the bankruptcy court as it is not able to determine the legal issues which are only partially before it. The Order to Show Cause Proceeding that took place before Judge Winfield of the Bankruptcy Court clearly shows the court's dilemma and confusion. (attached as Exhibit I to the Certification of Jesal Desai)

At the time of the filing for the bankruptcy, the debtor had a cash flow and was in a

position to propose a viable reorganization plan. Due to the confusion pertaining to legal issues pending before different courts, the debtor is in a position where it has no answer to its questions and must wait. The wait itself, however, shall prove to be a poison pill for the possible reorganization plan as unless the debtor is able to resolve critical legal issues impacting the assets quickly, the debtor would not be in a position to propose any plan. This situation itself makes it imperative that the matter be referred to the bankruptcy court immediately so that the debtor can have everything in one place and seek remedies in an expeditious manner. The bankruptcy court is given sufficient powers and authority to deal with all the legal issues that are involved in the underlying matter. These issues are "Core Issues" as defined by the Supreme Court of the United States in <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300 (1995)

## **CONCLUSION**

For all the reasons stated the pending consolidated District Court cases should be referred to the bankruptcy court.

Dated: October 22, 2008                     /S/ Susheela Verma

                                            Susheela Verma, Esq. (SV-4472)
                                            Attorney For Jesal Desai, et. als.

                                            Law Offices of Susheela Verma
                                            One Woodbridge Center
                                            Suite 810
                                            Woodbridge, NJ 07095
                                            732-596-1140  Fax: 732-596-1150

9