UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOCTOR'S ASSOCIATES INC.<br><br>        Plaintiff,<br><br>  v.<br><br>JESAL DESAI a/k/a JESAL A. PATWARI,<br>SHAPAT, INC., SHAPAT II, LLC<br>SHAPAT III, LLC and PATWARI, LLC<br><br>        Defendants.<br><br>JESAL DESAI, SHAPAT, INC., SHAPAT<br>II, LLC, SHAPAT III, LLC, and<br>PATWARI, LLC,<br><br>Removed/Consolidated Plaintiffs,<br><br>  v.<br><br>DOCTORS ASSOCIATES INC. and<br>SUBWAY REAL ESTATE CORPORATION,<br><br>Removed/Consolidated Defendants. | Civil No.08-3363(WJM-MF)<br><br>Judge:<br>   Hon. William J. Martini, USDJ<br><br><br><br><br><br><br><br><br>Consolidated<br>Civil No.08-3902 |

**CERTIFICATION OF TRICIA LEE**

    1.   I am an attorney employed by Doctor's Associates Inc. (hereinafter "**Doctor's Associates**") as the Director of the Collection Department, and am also duly representative of Subway Real Estate Corp. (hereinafter "**SREC**"), which entity has a service contract with **Doctor's Associates**. By reason of said association and position, I am fully familiar with the facts stated herein. I make this Certification in Support of **Doctor's Associates** application for Judgment.

1

2. **Doctor's Associates** is a Florida Corporation with its principal place of business at 325 Bic Drive, Milford, Connecticut 06460, and is the owner of a proprietary franchise system for establishing and operating restaurants featuring sandwiches and salads under the famous **Subway**® trade name.

3. In 2008, the **Subway**® chain entered its 43rd year of operation. Currently there are more than 29,000 **Subway**® franchises in 86 countries, making **Subway**® the world's largest submarine franchise chain. As of December 31, 2006, **Subway**® restaurants' system wide sales reached over $7.7 billion in the United States alone.

4. Over the past 40 years, the **Subway**® chain has received countless awards and accolades, and its products and trademarks have appeared in multiple television and motion picture productions.

5. **Doctor's Associates** owns a number of trademarks, service marks and logos in association with its **Subway**® franchise system, many of which are registered on the principal register of the United States Patent and Trademark Office ("U.S.P.T.O."). **Doctor's Associates** also owns a number of trademark applications that are currently pending before the U.S.P.T.O. A complete schedule of **Doctor's Associates'** registered trademarks and pending applications (hereinafter referred to as "the **Subway**® Marks") is attached to Movants

2

Complaint as Exhibit **"A"** and to the Preliminary Injunction (Document Numbers 1-1 and 23 on the Court's Docket).

6. **Doctor's Associates** has the exclusive right to use and license **Subway**® Marks and derivations thereof, as well as the **Subway**® System.  The **Subway**® System includes the **Subway**® Marks, the goodwill associated with the **Subway**® Marks, trade dress, recipes, formulas, food preparation procedures, business methods, forms, policies, trade secrets, knowledge, techniques and developments.  Through its standard franchise agreement, **Doctor's Associates** provides **Subway**® franchisees a limited, non-exclusive license to use the **Subway**® Marks and the **Subway**® System.  If and when the franchise agreement is terminated, the license to use the **Subway**® Marks and the **Subway**® System is immediately terminated, and the former franchisee must take the affirmative steps necessary to de-identify its restaurant as a **Subway**® franchise.

7. **Doctor's Associates** entered into a four (4) separate Franchise Agreements with Defendant, Jesal Desai a/k/a Jesal Patwari (hereinafter "**Desai**") for the operation of four (4) separate **Subway**® restaurant franchises, each for 20 years subject to earlier termination, located, respectively, at 49 Claremont Avenue, Montclair, NJ, 6901 Bergenline Avenue, Guttenberg, NJ, 595 Bloomfield Avenue, Bloomfield, NJ, and 121 Bloomfield Avenue, Bloomfield, NJ, dated June 27, 2007, November

20, 2002, May 3, 2006 and May 18, 2006, respectively. The Franchise Agreements at paragraphs 2 and 5.i. require Defendant, Jesal Desai, to pay weekly royalties of 8% and Advertising Fees of 4 ½% of the weekly gross sales. The four (4) Franchise Agreements are basically the same except for a few modifications. Paragraph 14 of the latter two Franchise Agreements amends the earlier Franchise Agreements between the parties in those respects. True and accurate copies of the four (4) Franchise Agreements are attached hereto as Exhibits **"A", "B", "C",** and **"D,"** respectively, ¶¶2.i., 5, 14).

8. The four Franchise Agreements between Removed/Consolidated Plaintiff Jesal Desai and **DAI**, include an Arbitration clause at paragraph 10.a., which provide, respectively, that all disputes between Desai and **DAI** will be resolved by Arbitration before the American Arbitration Association or the American Dispute Resolution Center, according to their respective rules and that an Award may be confirmed by Judgment in any Court having competent jurisdiction[1]. Revise Paragraph 10.b., (see second sentence of footnote number 1) provides that disputes between Desai and Removed/Consolidated Defendant, **SREC** under the terms of the Subleases are explicitly

---

[1] The Franchise Agreement for store #27800 singed in June 2002 provided for same at paragraph 10.c. The remaining three Franchise Agreements provide for same at paragraph 10.a. The latter three Franchise Agreements also include paragraph 14 which indicates that all prior agreements (including that for store number 27800) are bound by the revised paragraph 10. (See paragraph 10 and 14 of the Franchise Agreements annexed hereto as Exhibits A, B, C & D).

excluded from the ambit of the arbitration clause as are actions for **DAI** to enforce its proprietary rights. (See Exhibits **"A," "B," "C"** and **"D"** at paragraphs 10 and 14).

9. **Desai** simultaneously signed disclosure questionnaires for each of those franchises at the time of entering into the Franchise Agreements. All <u>four (4)</u> of the <u>questionnaires</u> indicate that **Desai** consulted with attorneys and/or professional advisors, as well as existing franchisees, and fully read and understood the Franchise Agreement and offering circular, understood the risks, and understood that any disputes would ultimately be resolved through Arbitration in Connecticut. A Request for Additional Info also disclosed that Desai was a graduate of the University of Tennessee and a former Ramada Inn owner. A copy of each of the disclosure questionnaires are annexed hereto collectedly. (See Exhibit **"R"**).

10. After repeated defaults, Doctors Associates Inc., commenced Arbitration proceedings before the American Dispute Resolution Center resulting in four (4) separate Arbitration Awards, once for each of the four stores (the "Awards"). The Awards provided for both monetary and injunctive relief and are annexed hereto collectively as Exhibit **"O"**. The monetary relief is more fully itemized in Exhibit **"P"** annexed hereto and in the Memorandum of Law and Certification of Forrest S. Turkish, filed herewith.

11. Accordingly, **Doctors Associates** seeks Judgment confirming the Arbitration Awards and awarding **Doctors Associates** all monetary relief contained therein including the injunction against use of the **Subway**® Marks and operating in violation of the restrictive covenant contained in paragraph 8 of the Franchise Agreement as memorialized in the Arbitration Award.

12. Additionally, **Doctors Associates** seeks attorneys' fees pursuant to 15 U.S.C. 1117. **Doctors Associates** paid, as a result of this action and the related consolidated actions, the sum of $66,311.36 in attorneys' fees and expenses. Additionally, there are unbilled fees and expenses in the sum of $53,269.06 as set forth in the itemized bills and prebills attached to the Certification of Forrest S. Turkish filed herewith for a total of $119,580.42. (**TURKISH CERT.**, para. 8, Exh. F).

13. Additionally, **Doctors Associates** seeks treble damages pursuant to 15 U.S.C. 1117 for willful violation of Plaintiffs trademarks. For purposes of this application, Doctors Associates seeks treble damages with respect to the actual damages set forth in the award (See Exhibits **"O"** and **"P"**).

14. Additionally as set forth below, Subway Real Estate Corp. seeks Judgment for Possession as to the four Subleases with respect to four (4) Landlord/Tenant proceeding which were

consolidated with the new removed and consolidated Chancery Division matter, as set forth later herein.

15. Defendant **Desai**, also entered into four (4) separate Subleases with respect to each of the four store locations with **SREC** a copy of each of the four respective Subleases are all annexed hereto collectively as Exhibit **"E."**

16. **SREC** subleases the premises pursuant to a Master Lease with four separate non-party master Landlords. The Subleases at paragraph 6 provide that

> "the purpose of this Sublease is so that the Sublessee can operate a **Subway**® restaurant under the terms of his Franchise Agreement with Doctor's Associates, Inc. … **if at any time** during the term of this Sublease, **Sublessee shall default in the performance of any of the terms of the Master Lease or the Franchise Agreement, Sublessor may terminate** this Sublease on ten (10) days written notice to Sublessee …"

(See Exhibit **"E"**)

17. The Subleases also provide at paragraph 4 that "the Sublessee agrees to perform and observe all of the obligations of the Sublessor under the Master Lease and make all rental payments directly to the Landlord in the manner set forth in the Master Lease …" (See Exhibit **"E"**).

18. On April 18, 2008, **SREC** filed a Complaint for Possession against Defendant **Desai** for non-payment of rent in the Superior Court of New Jersey, Hudson County, Special Civil

Part, Landlord/Tenant Division, bearing docket number HUD-LT-5770-08. (See Exhibit "**F**")

19. That matter was transferred to and consolidated with the matter then pending in the Superior Court of New Jersey, Chancery Division, which matter has now been removed and consolidated herewith (former case number 08-3902) by Order of the Court May 14, 2008. (See Exhibit "**G**").

20. The attached Complaint (Exhibit "**F**") included 5 exhibits annexed thereto as Exhibits A through E consisting of the Master Lease between Bhikhu S. Patel and Subway Real Estate Corp. (A); the Sublease between **SREC** and **Desai** (B), Landlord's Statement of Account through the time of filing showing $62,473.98 due (C), notice to cease/cure (D) and notice to vacate (E). (See Exhibit "**F**" and Sub Exhibits "**A**" through "**E**") Judgment is sought on these pleadings for possession pursuant FRCP Rule 12(c) or 56(c), as set forth in the Memorandum of Law filed herewith. This store is located at 6901 Bergenline Avenue, Guttenberg, New Jersey.

21. I have received a copy of an email from the Master Landlord, Bhikhu S. Patel, dated November 3, 2008, to our attorney indicating that the current arrears have now accrued to the amount of $109,143.71. Same is now part of our business records. (See Exhibit "**H**")

22. On September 13, 2007, Consolidated Defendant, Subway Real Estate Corp., filed two (2) additional Landlord/Tenant matters and filed a third additional Landlord/Tenant matter on September 24, 2007. These three matters were filed in the Superior Court of New Jersey, Essex County Special Civil Part, Landlord/Tenant Division bearing dockets numbered ESX-LT-28399-07, ESX-LT-28400-07 and ESX-LT-26840-07, respectively (See Exhibits **"I", "J"** and "**K**")

23. These matters were transferred to and consolidated with the matter then pending in the Superior Court of New Jersey, Chancery Division, which matter has now been removed and consolidated herewith (former case number 08-3902) by Order of the Court February 7, 2008. (See Exhibit "**L**").

24. These three Complaints (Exhibits **"I", "J"** and "**K**") sought a Judgment for Possession based upon a default of the Franchise Agreement between Doctors Associates Inc. and Jesal Desai.

25. The Sublease for each of these three locations provided at paragraph 6 that

> "the purpose of this Sublease is so that the Sublessee can operate a **Subway**® restaurant under the terms of his Franchise Agreement with Doctor's Associates, Inc. … **if at any time** during the term of this Sublease, **Sublessee shall default in the performance of any of the terms of the Master Lease or the Franchise**

9

>    **Agreement, Sublessor may terminate** this Sublease on ten (10) days written notice to Sublessee …"

(See Exhibit **"E"**)

26. The three complaints (Exhibits **"I"**, **"J"** and **"K"**) refer to the three Subleases between **SREC** and **Desai** which are annexed hereto as Exhibit **"E"**.

27. Judgment is sought on these pleadings for possession pursuant FRCP Rule 12(c) or 56(c), as set forth in the Memorandum of Law filed herewith.  The first two of these stores are at 595 and 121 Bloomfield Avenue, Bloomfield, New Jersey and the third is at 49 Ryder Avenue, Montclair, New Jersey.

28. **Doctors Associates** sent **Desai** notices to cure her defaults under the Franchise Agreement pursuant to paragraph 8.a. and/or 8.c. of the aforementioned Sublease on

August 20, 2007:   **Subway**® store #15953 (595 Bloomfield Ave., Bloomfield, NJ);

August 20, 2007:   **Subway**® store #40217 (121 Bloomfield Ave., Bloomfield, NJ);

April 13, 2007:    **Subway**® store #27800 (49 Claremont Ave., Montclair, NJ);

True and accurate copies of these Notices to cease are annexed hereto as Exhibit **"M"**.

29. **SREC** sent **Desai** notices to quit pursuant to paragraph 6 of the three respective Subleases on

August 31, 2007:     **Subway**® store #15953 (595 Bloomfield Ave., Bloomfield, NJ);

August 30, 2007:     **Subway**® store #40217 (121 Bloomfield Ave., Bloomfield, NJ);

August 29, 2007:     **Subway**® store #27800 (49 Claremont Ave., Montclair, NJ);

True and accurate copies of these Notices to quit are annexed hereto as Exhibit **"N"**.

30. Defendants Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC are not signatories to the Franchise Agreements or Subleases and therefore have no standing to make the various claims they have made in the consolidated complaint or in the Counterclaims and Third Party Claims on the main case.

31. Notwithstanding the foregoing, the Defendants, Shapat, Inc., Shapat II, LLC, Shapat III, LLC and Patwari, LLC, are the respective alter egos for the four stores. All of most payments for the various stores, which have ever been received have been drawn on the bank accounts of these four entities. (See Exhibit **"Q"**).

32. Defendant/Consolidated Plaintiffs, Jesal Desai, et al., willfully violated the Trademark laws upon which the

11

preliminary injunction entered by this Court August 12, 2008, was predicated. Notwithstanding the Arbitration Awards on September 6, 2007, prohibiting use of the **Subway**® Marks, Defendant/Consolidated Plaintiff continued to use the **Subway**® Marks for several months until obtaining the Order of February 26, 2007 entered in violation of Federal Law by Judge Levy at the Chancery Division, Superior Court of New Jersey. Thereafter, through the filing of the within matter, Defendants/Consolidated Plaintiffs continue to use the **Subway**® Marks, despite not having paid royalties or advertising fees for over one year and despite this Court's ruling on July 21, 2007 enjoining them from use of the **Subway**® Marks, marks effective August 11, 2008 (order dated August 12, 2008). Thereafter **Doctors Associates** moved for contempt on August 26, 2008 and **Desai** continued to violate the injunction until September 20, 2008 when the last of the stores was dis-identified. The three other stores dis-identified on September 18, 2008. (See Letter Opinion and Order of Contempt entered 10/20/08 – Document Numbers 52 and 53)

33. Treble damages are sought pursuant to 15 U.S.C. 1117.

34. Because all four (4) of Defendant's franchises were terminated, **Doctor's Associates** stopped supplying the Defendant or her restaurants with materials or assistance, although still making periodic inspections, and had absolutely no control over

12

35. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: <u>November 4, 2008</u>　　　　　/s/Tricia Lee_____
　　　　　　　　　　　　　　　　　　　Tricia Lee, Director
　　　　　　　　　　　　　　　　　　　Collections Department

(Forrest/LeeDesaiFederalSupplemental.CtfCtf.doc)