

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

January 6, 2009

Susheela Verma
Law Offices of Susheela Verma
One Woodbridge Center
Suite 810
Woodbridge, NJ 07095

    (*Attorney for Jesal Desai a/k/a Jesal A. Patwari, Shapat Inc., Shapat II LLC,*
     *Shapat III LLC, and Patwari LLC*)

Forrest Scott Turkish
595 Broadway
Bayonne, NJ 07002

    (*Attorney for Doctor's Associates Inc. and Subway Real Estate*
     *Corporation*)

    RE:   **Desai, et al. v. Doctor's Associates Inc., et al.**
           **Civ. No. 08-3363 (WJM)**

Dear Counsel:

    This matter comes before the Court on five motions: (1) Jesal Desai's Motion to Refer the consolidated cases under Civ. No. 08-3363 to the United States Bankruptcy Court for the District of New Jersey; (2) Doctor's Associates' Motion to Vacate the Preliminary Injunction entered February 26, 2008 in the New Jersey Superior Court; (3)

Doctor's Associates' Motion to Dismiss all claims, counterclaims, and third-party claims of Desai pursuant to Fed. R. Civ. P. 12(b)(6); (4) Doctor's Associates' Motion for Judgment on the Pleadings confirming four arbitration awards pursuant to Fed. R. Civ. P. 12(c); and, (5) Doctor's Associates' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) on its landlord/tenant complaints. Each of these motions has been opposed. There was no oral argument. Fed. R. Civ. P. 78. For the reasons discussed below, Desai's motion to refer to the Bankruptcy Court is **GRANTED,** and the cases consolidated under Civ. No. 08-3363 – which include the four Doctor's Associates motions listed above – are referred to the Bankruptcy Court.

## I.    BACKGROUND

On July 8, 2008, Doctor's Associates commenced an action in this Court, seeking, *inter alia,* injunctive relief to prevent Desai from using the Subway trademarks after her franchise agreement was terminated. This Court granted the preliminary injunction on August 12, 2008.

Beyond the request for injunctive relief, Doctor's Associates included a count in its July 8, 2008 complaint seeking confirmation of arbitration awards secured against Desai. In addition, Doctor's Associates asserted other trademark claims. Desai, in turn, asserted numerous counterclaims and a third-party complaint against Doctor's Associates.

## II.    DISCUSSION

Desai argues that this matter should be transferred to the Bankruptcy Court, where her Chapter 11 petition is pending. The claims asserted by Doctor's Associates are pre-petition and pertain to Desai's franchise assets. As such, referral of these actions to Judge Winfield's court is proper.

Pursuant to 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, all proceedings arising in or relating to a case under Title 11 of the United States Code shall be referred to the bankruptcy judges for the district. The instant consolidated claims that are part of Civ. No. 08-3363 are related to Desai's Chapter 11 proceeding, since the disposition of these claims "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); *see also In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171 (3d Cir. 1996) ("[a] key word in [the *Pacor* test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.").

The instant action involves Desai's franchise, which is part of Desai's Chapter 11 estate. *See* Desai Oct. 22, 2008 Br. at 2. Doctor's Associates seeks relief in landlord/tenant actions, relating to Desai's alleged non-payment of rent, as well as enforcement of arbitration awards, involving the payment of delinquent franchise fees. This property that Doctor's Associates seeks to recover is now part of Desai's Chapter 11 estate. As such, resolution of these pre-petition claims could conceivably impact Desai's estate, satisfying the test articulated by the Third Circuit in *Pacor*.

Doctor's Associates argues that Desai's motion to refer is frivolous because Judge Winfield lifted the automatic stay to allow this litigation to move forward. While this argument is appealing on its face, the lifting of the automatic stay has no bearing on the jurisdictional questions inherent in the motion to refer. By lifting the stay, the Bankruptcy Court determined that this litigation could continue during the pendency of the Chapter 11 proceeding . This motion to refer simply determines where that litigation will continue.

### III.   CONCLUSION

For the foregoing reasons, Desai's motion to refer the consolidated cases under Civ. No. 08-3363 to the Bankruptcy Court is **GRANTED**. Doctor's Associates' Motion to Vacate the Preliminary Injunction entered February 26, 2008 in the New Jersey Superior Court, Doctor's Associates' Motion to Dismiss all claims, counterclaims, and third-party claims of Desai pursuant to Fed. R. Civ. P. 12(b)(6), Doctor's Associates' Motion for Judgment on the Pleadings confirming four arbitration awards pursuant to Fed. R. Civ. P. 12(c), and Doctor's Associates' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) on its landlord/tenant complaints are **REFERRED** to the Bankruptcy Court. An appropriate Order accompanies this Letter Opinion.

  /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**